FRANK A. HATCH, administrator, *vs.* MUTUAL LIFE INSURANCE COMPANY.

Suffolk.   March 28. — Sept. 21, 1876.   DEVENS & LORD, JJ., absent.

No recovery can be had upon a policy of life insurance, on the ground of public policy, if death results from the insured having voluntarily submitted herself to an illegal operation, known to her to be dangerous to life, with intent to cause an abortion, without any justifiable medical reason.

CONTRACT on a policy of insurance, for $1000, on the life of Flora A. Hatch, the wife of the plaintiff. The policy contained the following clause :

" This policy is issued, and accepted by the assured, upon the following express conditions and agreements : 1st. If the said person whose life is hereby insured shall die by her own act, or hand, whether sane or insane, or in, or in consequence of, a duel, or of the violation of the laws of any nation, state or province, then, and in every such case, this policy shall be null and void."

At the trial in the Superior Court, before *Colburn*, J., without a jury, the issuing of the policy, the death and due proof thereof, were admitted. The judge found the following facts:

That the insured died on April 27, 1874, by reason of a miscarriage, produced by an illegal operation, performed upon her on April 16, 1874, and voluntarily submitted to by her, with intent to cause an abortion, without any justifiable medical reason.

That such an operation is dangerous to a woman's life, and was known to be so by the deceased and her husband, but that the evidence offered in this case shows that not more than about one per cent. of such operations result in causing the death of the woman.

The defendant requested the judge to rule, as a matter of law, upon the facts found: 1. That a death so caused violates the condition of the policy, and thereby avoids it. 2. That, the death being so caused, there can be no recovery upon the policy, whether the facts do or do not amount to a breach of said condition. 3. That the plaintiff was so far connected with the cause of the death that he is not entitled to recover in this suit."

The judge declined so to rule, and ordered judgment for the plaintiff for the amount of the policy ; and the defendant alleged exceptions.

*D. Foster & A. D. Foster*, for the defendant.

*H. W. Bragg*, for the plaintiff.

ENDICOTT, J. It appears by the bill of exceptions, that the deceased voluntarily submitted herself to an illegal operation, with intent to cause an abortion, without any justifiable medical reason; that the operation performed upon her was dangerous to life, and known by her to be so ; and that a miscarriage was effected by the operation, from the consequences of which she died.

It is therefore established that this voluntary act on her part, condemned alike by the laws of nature and by the laws of all civilized states, and known by her to be dangerous to life, did actually result in death. And the question is raised, whether, for a death so caused, the defendant is liable.

We are of opinion that no recovery can be had in this case, because the act on the part of the assured causing death was of such a character that public policy would preclude the defendant from insuring her against its consequences; for we can have no question that a contract to insure a woman against the risk of her dying under or in consequence of an illegal operation for abortion would be contrary to public policy, and could not be enforced in the courts of this Commonwealth. See *Amicable Society* v. *Bolland*, 4 Bligh N. R. 194; *Horn* v. *Anglo-Australian Assurance Co.* 30 L. J. (N. S.) Ch. 511; *Moore* v. *Woolsey*, 4 E. & B. 243.

It is therefore unnecessary to consider the questions raised upon the special clause of this policy, and so ably argued at the bar.                                    *Exceptions sustained.*