## Ancient Order of United Workmen v. Holdom, Conservator of the Estate of Paul Holtz.

1. LUNATICS—*Criminal Responsibility.*—A lunatic is not criminally responsible for his acts, because criminal intent is the essence of crime, and criminal intent is wanting in the insane.

2. LUNATICS—*Civil Responsibility.*—Intent is not a necessary ingredient of civil liability, and so a lunatic is civilly responsible for his torts, and an action may be maintained against him therefor.

3. LUNATICS—*Responsibility—Public Policy.*—It would be manifestly against public policy to absolve lunatics from the civil consequences of their acts; the temptation to simulate insanity for purposes of mischief, revenge or gain, would. with persons of a low order, be very strong.

4. TORTS—*Committed by a Lunatic.*—A person can not be enriched by reason of torts by him committed while insane.

Memorandum.—Action on an insurance policy. In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration on policy; pleas, the general issue and a special plea, alleging that the appellee is the son and beneficiary of the insured, Carl Holtz, and that on December 15, 1890, the appellee killed and murdered the insured, by rea_son of which he forfeited and lost all rights as a beneficiary under the beneficiary certificate. Replication to special plea, charging that said Paul Holtz, the son and beneficiary of Carl Holtz, deceased, did not murder the said Carl Holtz on the 15th day of December, A. D. 1890, but that the said Paul Holtz did kill the said Carl Holtz on that day, while he, the

said Paul Holtz, was insane. General demurrer filed by appellant to replication. Demurrer overruled. Appellant elects to stand by its demurrer. Cause submitted to court on statement of facts, and finding against appellant for $2,000 and costs of suit. Heard in this court at the October term, 1893. Reversed and final judgment entered for appellant. Opinion filed February 1, 1894.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, JAMES MCCARTNEY, ATTORNEY.

In the text books it is laid down as contrary to public policy to permit a plea of insanity to be interposed as a defense to an action for damages done by the insane person to the property of an innocent party. Shearman & Redfield on Negligence, Sec. 57.

In Chitty's Pleadings, Vol. 1, *p. 76, it is said, "Although a lunatic is not punishable, criminally, he is liable to a civil action for any tort he may commit."

The reasons for the rule are, public policy, and the danger that if this defense should be allowed, it would present a strong temptation to persons to simulate insanity for purposes of mischief and revenge. Cooley on Torts, p. 97 *et seq.;* McIntyre v. Sholty, 121 Ill. 660; Greenhood on Public Policy, Pt. 1, Rule 11; Riggs v. Palmer, 22 N. E. Rep. 1888; Porter on Insurance, *129, 131 *et seq.*, Hatch, Adm'r, v. Mut. Life Ins. Co., 120 Mass. 520; Amicable Soc. v. Bolland, 4 Bligh N. S. 194; Prince, etc., Insurance Co. v. Palmer, 25 Beav. 605.

CASE, HOGAN & CASE, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

One Carl Holtz obtained from appellant a policy of life insurance, the beneficiary, named, being his son Paul. Paul Holtz, while insane, killed his father, whereupon, a conservator of the insane son having been appointed, he brought suit to recover the insurance said to be due upon the policy issued upon the life of Carl Holtz.

Is the insane beneficiary of a life insurance policy entitled, upon his killing the insured, to the insurance money, is the question here presented.

If the distinction between the civil and criminal liability of the insane is kept in mind, there will be no difficulty in answering this question.

A lunatic is not criminally responsible for his acts, because criminal intent is the essence of crime, and criminal intent is wanting in the insane; but intent is not a necessary ingredient of civil liability.

The multitude of cases in which judgment is obtained for injuries resulting from negligence are not based upon an intent to do harm; on the contrary there is in them not only an entire absence of wrongful intent, but most often a desire to avoid injury to any one. Intent not being necessary, a lunatic is civilly responsible for his torts, and an action may be maintained against him therefor. Chitty's Pleadings, Vol. 1, p. 97; Shearman & Redfield on Negligence, Sec. 57.

It would be manifestly against public policy to absolve lunatics from the civil consequences of their acts; the temptation to simulate insanity for purposes of mischief, revenge or gain would, with persons of a low order, be very strong.

On account of public policy, as well as principle, an insane person may be proceeded against in the civil courts for the consequences of his torts. McIntyre v. Sholty, 121 Ill. 660; Cooley on Torts, p. 97; Greenhood on Public Policy, Pt. 1, Rule II; Hatch, Adm'r, v. Mut. Life Ins. Co., 120 Mass. 550; Amicable Society v. Bolland, 4 Bligh N. S. 194.

No one can tell how long an insane person may remain so; so soon as his reason is restored he is entitled to his liberty, and also, to his estate, enriched by whatever may have been added to it by his insane acts.

If Paul Holtz, while insane, had beaten a neighbor or his father, a civil recovery might have been had against him for the damage he had thus occasioned.

He can not be enriched by reason of torts by him committed while insane.

This is no time for removing any of the restraints upon passion which exist, or doing aught that may favor the

thought that gain may come from the taking of human life.

The judgment of the Circuit Court is reversed, and the cause having been tried by the court below without a jury, final judgment for the appellant, defendant below, will be entered here.