Briggs Hotel Company, Appellee, v. The Zurich General Accident & Liability Insurance Company, Ltd., Appellant.

Gen. No. 24,759.

INDEMNITY, § 11*—*what is not action for injuries accidentally suffered within indemnity policy.* An action brought against a hotel company for damages for a wilful and malicious assaulting and beating of a person is not within the terms of an indemnity policy by which the insurer agrees to indemnify the company against losses "respecting bodily injuries * * * accidentally suffered * * * by any person" and service was to be rendered in defending any suit "brought to recover damages on account of such cases of bodily injuries."

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1918. Reversed and judgment here. Opinion filed March 10, 1919.

WILKERSON, CASSELS & POTTER, for appellant; RALPH F. POTTER, of counsel.

IVOR JEFFREYS and WILLIAM MATHIESEN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit alleging that the defendant, a corporation engaged in the insurance business, had agreed to indemnify plaintiff for a period of 3 years against certain losses and expenses; that plaintiff had incurred expenses to the amount of $537.62, which defendant under its contract of insurance was obligated to repay to plaintiff. Upon trial by the court plaintiff was found entitled to this amount, and judgment was entered against defendant for $537.62, from which it appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There is no dispute as to the facts. While the policy was in force one Edmund Eddy was injured while on the sidewalk adjacent to plaintiff's premises. This was reported to the defendant in accordance with the terms of the policy, and an investigation made. Some months later Eddy commenced a suit against the Briggs Hotel Company, in an action of trespass, alleging in his declaration that the defendant, the Briggs Hotel Company, had committed an assault and battery upon him, inflicting injuries, and that such injuries were caused by a wilful and malicious assaulting and beating of the plaintiff, Eddy. Upon the commencement of such suit notice was given by the Hotel Company to the Insurance Company in accordance with the terms of the policy, and when Eddy's declaration was filed the Insurance Company notified the Hotel Company that the injuries alleged by Eddy were not such as were covered by the policy issued by the Insurance Company to the Hotel Company, and that Eddy's suit was not such as the policy required the Insurance Company to defend. The Hotel Company thereupon undertook the defense of Eddy's suit on its own account and expended therein the amount now in controversy. The Hotel Company was successful in that suit, and a judgment in favor of the defendant was entered.

The provisions of the insurance policy which are material are as follows:

"The Zurich General Accident & Liability Insurance Company, Limited (herein called the company), does hereby agree with the assured, respecting bodily injuries * * * accidentally suffered or alleged to have been suffered, during the policy period * * * by any person or persons * * * while within or upon the premises described * * * or upon the sidewalks or other ways immediately adjacent thereto, from any cause whatsoever * * * as follows:

AGREEMENT I—DAMAGES.

"To indemnify the assured against loss from the

liability imposed by law upon the assured for damages.

### Agreement II—Service.

"To give prompt and efficient service   *   *   *   (c) in defending any suit brought to recover damages on account of such cases of bodily injuries   *   *   *."

We are of the opinion that the suit brought by Eddy does not come within the terms of the defendant's policy, and that it was under no obligation to defend the same. By the policy defendant specifically undertook to indemnify the plaintiff against losses "respecting bodily injuries   *   *   *   accidentally suffered or alleged to have been suffered   *   *   *   by any person," and service was to be rendered in defending any suit "brought to recover damages on account of such cases of bodily injuries." This clearly means a suit brought to recover damages on a claim for bodily injuries accidentally suffered. Eddy's suit against the Hotel Company was clearly not of this character; he asserted a wilful and malicious assault. The result of his suit has no bearing upon the contract of the Insurance Company. Neither is the dictionary definition of the word "accident" of much importance. Defendant was obligated for its service only in the event of a suit claiming injuries from accident, and Eddy's declaration filed in his suit negatives such injuries by asserting that they were inflicted wilfully and maliciously.

This consideration makes it unnecessary to refer to the points discussed by counsel. It follows that the finding and judgment of the trial court were improper. The judgment will therefore be reversed, and as under the terms of the contract there is no liability for the claim of plaintiff, judgment of *nil capiat* will be entered in this court.

*Reversed and judgment here.*