### VOSS *v.* STRANAHAN.

1. INSURANCE—AUTOMOBILE INSURANCE—LIABILITY OF INSURER DETERMINED BY JUDGMENT AGAINST INSURED.

Where insurance policy insured automobile owner against liability for damages caused by his car, he was entitled to collect under policy without first paying judgment, when his liability had been determined by entry of judgment against him in action for damages.

2. Same—Injured Person Has No Rights Under Policy.

Person injured by automobile has no rights under policy insuring owner against liability for damages, even after owner's liability has been determined by entry of judgment against him in action therefor, since injured person is not party to policy and amount due thereunder is not even trust fund for his benefit.

3. Same—Insured Not Guilty of Fraud in Collecting on Policy and Failing to Pay Judgment Against Him—Conspiracy.

That automobile owner and his attorney collected under policy insuring owner against liability for damages caused by his car after entry of judgment against him in action therefor without paying said judgment may not be made basis of suit for fraud and conspiracy against owner, his attorney, and insurance company, since owner had legal right to collect, and company was under legal duty to pay, without payment of judgment.

Appeal from Allegan; Cross (Orien S.), J. Submitted June 6, 1929. (Docket No. 75, Calendar No. 34,328.) Decided December 3, 1929.

Bill by Charles H. Voss against Chancey Stranahan, Frank F. Ford, and Wolverine Mutual Motor Insurance Company on grounds of fraud and conspiracy. From a decree for plaintiff, defendants appeal. Reversed.

*Leo W.* and *Clare E. Hoffman* (*Harry Pell,* of counsel), for plaintiff.

*Burritt Hamilton,* for defendants.

Clark, J. Defendant Stranahan drove his automobile against plaintiff's son causing serious injury. Plaintiff recovered judgment for his damages against Stranahan for $1,782.25 and costs. In the trial of that cause defendant Ford was attorney for Stranahan and he may also have been acting for the

other defendant, Wolverine Mutual Motor Insurance Company, a Michigan corporation, a mutual company, as its name indicates, which company had issued to Stranahan a policy in common form, covering the automobile as to fire and theft in named amount, and indemnity against liability for damages for personal injury, defense of suit, etc., in the amount of $1,000. There had been, before the trial of the said cause, correspondence and negotiation between counsel in an attempt to settle, but without success. Very soon after entry of the judgment Stranahan and his attorney requested of the insurance company that the $1,000 be forwarded by telegraph. This was done, and the company received release. Of the sum the attorney received his fees and Stranahan took the rest. Plaintiff's later writ of garnishment brought disclosure of the payment. This bill is filed on the theory of fraud and conspiracy on the part of the defendants, and it is contended that what was done is a fraud upon the rights of plaintiff.

Defendants have appealed from a decree for plaintiff.

The policy of insurance here is like that discussed in *Griffin* v. *Casualty & Surety Co.,* 231 Mich. 642. It provided not indemnity against damages but indemnity against liability for damages. When Stranahan's liability for damages was determined by the entry of the judgment, thereupon (on this record) there became due and payable from the insurance company to Stranahan the sum provided by the policy. It was the legal right of Stranahan to have it, and it was the legal duty of the company to pay it. Without paying the judgment Stranahan had right to sue the company and to recover. *Griffin* v. *Casualty & Surety Co., supra.*

Plaintiff had no rights under the policy. He was not a party to it. The amount due was not even a trust fund for his benefit. 2 Berry on Automobiles (6th Ed.), § 2186; *Bain* v. *Atkins,* 181 Mass. 240 (63 N. E. 414, 57 L. R. A. 791, 92 Am. St. Rep. 411); *Randall* v. *Railway,* 134 Mich. 493.

Stranahan and his attorney were in the exercise of a legal right in collecting the money and the insurance company but discharged a legal duty in paying it. This therefore cannot be held to be fraud. See 12 R. C. L. p. 237; 26 C. J. p. 1177; note 27 A. L. R. p. 1417; *Damon* v. *Bache,* 55 Pa. St. 67 (93 Am. Dec. 730); *Shibler* v. *Hartley,* 201 Pa. St. 286 (50 Atl. 950, 88 Am. St. Rep. 811).

It follows that the decree is reversed, and the bill dismissed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.