LEO SONTAG *vs.* IDA GALER & another.

Suffolk.    April 7, 8, 1932. — May 20, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Insurance*, General liability insurance. *Estoppel*. *Words*, "Accidentally."

An insurance company, which had issued a policy of insurance indemnifying the insured against loss due to liability for damages on account of bodily injuries "accidentally sustained by any person not in the employ" of the insured while on his premises, after being notified of the pendency of an action for personal injuries against the insured in two counts, the ground of liability stated in the first count not being within the terms of the policy and that stated in the second count being within those terms, merely caused its attorney to appear and answer in the action in behalf of the insured and "further took upon itself the defence of" the action "on behalf of" the insured. It did not appear that the insured did not protect his own interests or was prevented by any act of the company from doing so, or that any harm came to the insured from the conduct of the company. A finding for the plaintiff in the action was based solely upon the ground stated in the first count. In a subsequent suit in equity to reach and apply the proceeds of the policy to the satisfaction of the judgment in the action, it was *held*, that the company was not estopped to contend that the policy did not apply to the ground of liability stated in the first count in the action.

A policy of insurance against loss due to liability for damages on account of bodily injuries "accidentally sustained" upon the premises of the insured did not cover liability of the insured for a deliberate assault upon another person on such premises.

BILL IN EQUITY, filed in the Superior Court on February 5, 1931, described in the opinion.

The defendant Standard Accident Insurance Company demurred. The demurrer was heard by *Keating*, J., and was ordered overruled. The judge thereupon reported his order for determination by this court.

*G. B. Rowell*, (*C. F. Albert* with him,) for the defendants.
*H. Wise*, (*W. H. Shea* with him,) for the plaintiff.

SANDERSON, J. The plaintiff, who had obtained a judgment in an action for personal injuries against the defendant Ida Galer, brought this suit to establish the indebtedness of the defendant insurance company to Galer on a liability insurance policy issued by it to her, and to have the proceeds of that policy applied in satisfaction of the judgment. The insurance company filed a demurrer which was overruled, and the trial judge, being of opinion that his order so affected the merits of the controversy that the matter ought before further proceedings to be determined by the full court, reported the questions raised by the demurrer.

The plaintiff alleged, in substance, that on or about August 31, 1926, Galer was the owner of certain premises, in Roxbury, and the defendant insurance company had issued to her a landlord's public liability policy by which it undertook to indemnify her to the amount of $5,000 against loss from liability for damages on account of bodily injuries "accidentally sustained by any person not in the employ" of the assured while within or upon the premises aforesaid; that on that date the plaintiff while on the premises sustained severe bodily injuries for which he brought an action against the defendant Galer. It is further alleged that the insurance company, pursuant to the provisions of the policy, by its attorney appeared and took upon itself the defence of this action on behalf of Galer, and that on April 12, 1929, the plaintiff recovered

a judgment for $5,000 and costs, but that the insurance company did not within thirty days of the date of judgment, or at any time thereafter, pay to Galer or to the plaintiff any part of the judgment.

By order of court made pursuant to G. L. c. 231, § 7, Eleventh, there were filed in this suit a copy of the policy relied on, a copy of the record of the judgment of the Municipal Court, and a copy of the pleadings and findings filed in that court. Examination of these documents shows that the plaintiff brought an action of tort against Galer, alleging in count 1 that the defendant assaulted the plaintiff by throwing a heavy vessel from a great height upon his head, and in count 2 that the defendant carelessly, negligently and by lack of due care caused the vessel to fall upon the plaintiff's head. The answer was a general denial, with a plea of contributory negligence.

The judge who tried the case made findings to the effect that Galer had said to boys who had come upon her premises without leave that they were annoying her and if they came again she would throw something on them. On August 31, 1926, the plaintiff came on the premises and was playing with a faucet, and the defendant came out with a porcelain cooking utensil in her hand which she maliciously, wantonly and recklessly threw and struck the plaintiff on the head, causing the injuries complained of. He further found that Galer's explanation of the affair was not true, and that the injury was "the result of the deliberate and wanton action of the defendant in throwing the utensil hereinbefore described and striking the plaintiff upon the head"; and that the plaintiff was entitled to recover damages on the first count of the declaration in the full amount of the *ad damnum* claimed in the writ. A ruling was made in the Superior Court, without objection, that all the documents were a part of the pleadings and were to be considered upon the demurrer.

Upon the allegations in the bill the defendant insurance company is not estopped from contending that the policy did not cover the assault of the insured upon the plaintiff which caused his injury. The bill does no more than to allege

that the insurance company was notified of the accident and the pendency of the action and, pursuant to the provisions of the policy, its attorney appeared and answered on behalf of the defendant Galer and "further took upon itself the defence of the suit on behalf of the said Galer." It is not alleged that Galer did not protect her own interests or that the insured was prevented by any act of the insurer from so protecting her own interests, or that any harm came to the defendant Galer from the conduct of the insurer; *Lunt* v. *Aetna Life Ins. Co. of Hartford,* 261 Mass. 469, 473; nor is it alleged that the attorney for the insurance company participated in the trial of the case. No ground for estoppel is set out in the bill. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. *Nelson* v. *Wentworth,* 243 Mass. 377, 379. *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477, 484. The decision was based on the first count. It is not disputed that the ground of liability stated in the second count would have been within the terms of the policy and would have justified, if not required, the insurance company to appear in the case even if it was under no liability for an injury caused as stated in the first count.

The important question raised by the demurrer is whether the policy covered an injury caused by the deliberate, wilful, wanton or reckless act of the insured in throwing a utensil which struck the plaintiff upon his head causing a fracture of the skull. The liability of the insurance company to the plaintiff is dependent upon its liability to Galer, the insured. G. L. c. 175, §§ 112, 113. *Lorando* v. *Gethro,* 228 Mass. 181, 185. *Kana* v. *Fishman,* 276 Mass. 206, 210. The first count alleges that the plaintiff was violently assaulted by Galer, and the findings support that allegation. In *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32, 33–34, the court said: "'Accidental means' is used in the contract of insurance in its common significance of happening unexpectedly, without intention or design." In *Tremont Trust Co.* v. *Burack,* 235 Mass. 398, 402, the word "accident" in the printed agreement there under consideration was held to mean "an event without the con-

currence of the will of the person by whose agency it was caused." In *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, 525, the court said: "'Accident,' as the word is used in the policy, is a more comprehensive term than negligence, and in its common signification the word means an unexpected happening without intention or design." In *United States Mutual Accident Association* v. *Barry*, 131 U. S. 100, 121, the court was of opinion that a result "such as follows from ordinary means, voluntarily employed," is not an accident. We do not adopt the contention made in behalf of the plaintiff that an injury is accidentally sustained merely because it may be accidental from the plaintiff's standpoint. It is the state of the "will of the person by whose agency it [the injury] was caused" rather than that of the injured person which determines whether an injury was accidental. *Tremont Trust Co.* v. *Burack*, 235 Mass. 398, 402. Furthermore, it is the liability of the insurance company to Mrs. Galer which the plaintiff is seeking to enforce and an injury caused by the wilful and deliberate act of the insured such as is described in the finding is one for which the insurance company would not be liable to her under the policy. The policy does not purport to protect the insured from her own intentional and malicious acts. *Chandler* v. *Worcester Mutual Fire Ins. Co.* 3 Cush. 328. *Hatch* v. *Mutual Life Ins. Co.* 120 Mass. 550, 552. *Davis* v. *Royal Arcanum*, 195 Mass. 402, 408. *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 567. *Ritter* v. *Mutual Life Ins. Co.* 169 U. S. 139. The liability of insurers under the compulsory motor vehicle insurance law depends upon the terms of the statutes. *McMahon* v. *Pearlman*, 242 Mass. 367, 370. *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233. The decisions under the workmen's compensation act are not controlling in the case at bar. Under that act "it is not required that the injury be also an accident." *Reithel's Case*, 222 Mass. 163, 165.

The interlocutory decree overruling the demurrer must be reversed and an interlocutory decree be entered sustaining the demurrer on the third ground, namely, that the bill with the exhibits ordered filed shows that the defendant

314 LAWYERS MTG. &c. v. PARAMOUNT LAUNDRIES. [279

Standard Accident Insurance Company "did not cover the defendant Galer against recoveries of a nature of the judgment rendered."

*Ordered accordingly.*