JOSEPH ROUSSEAU *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Worcester. September 28, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Insurance*, Accident. *Public Policy.*

No recovery was permitted under the provisions of a policy of insurance that benefits should be paid in the event of accidental death where it appeared that death had resulted from an accident occurring while an automobile which the insured and others had stolen, driven by one of the others, was being pursued by police, although after the theft the insured had succumbed to liquor and was in a stupor at the time of the accident.

CONTRACT. Writ in the First District Court of Northern Worcester dated September 21, 1936.

Upon a report by *Livingstone*, J., who found for the plaintiff in the aggregate sum of $567.50, the Appellate Division for the Western District ordered judgment entered for the defendant.   The plaintiff appealed.

*E. O. Turcotte*, for the plaintiff, submitted a brief.

*L. E. Stockwell*, for the defendant.

QUA, J.   This is an action to recover the additional death benefits provided in two life insurance policies when death results "solely through external, violent and accidental means."

Findings of the trial judge establish that the insured and two other young men, after an evening of drinking together, stole an automobile; that the insured drove it to his own home, where he stopped to get some money; that thereafter another of the young men drove the party westerly from Gardner as fast as the automobile would go.   The insured fell into a drunken stupor.   About five miles east of Greenfield police officers attempted to stop the automobile and then pursued it.   About a mile and a half west of Greenfield the automobile left the road because of its high speed, and the insured was killed.

In our opinion a construction of the policy which would extend the benefits for accidental death to include a case where the death results from the felonious stealing of an automobile (G. L. [Ter. Ed.] c. 266, § 28; c. 274, § 1) and occurs while the crime in which the insured joined is still being committed (*Commonwealth* v. *Rand*, 7 Met. 475, 476) and in the course of escape and pursuit from the scene of the original taking, even though the insured himself has succumbed to liquor since that taking, would be contrary to public policy and inconsistent with the principle illustrated with full discussion of authority in the recent case of *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190.   This case does not require further definition of that principle.   See also *Metropolitan Life Ins. Co.* v. *Goodwin*, 166 Va. 119.

There is nothing to the contrary in *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1.

It is unnecessary to discuss the requests for rulings in detail.

*Order for judgment for the*
*defendant affirmed.*