CAROLYN MILLEN *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk. October 7, 1937. — March 29, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance,* Life: death of insured by execution for crime. *Public Policy.*

On grounds of public policy, the beneficiary named in an ordinary life insurance policy cannot recover the proceeds upon the legal execution of the insured for murder.

CONTRACT. Writ in the Superior Court dated August 7, 1935.

There was a finding for the defendant by *Gray,* J. The plaintiff alleged exceptions.

*D. Stoneman, S. S. Stoneman, & A. H. Kaufman,* for the plaintiff, submitted a brief.

*D. J. Lyne,* for the defendant.

RUGG, C.J. This is an action of contract whereby the plaintiff seeks to recover the amount alleged to be due her as the beneficiary under a policy of life insurance issued on the life of one Murton Millen on December 22, 1933, and made payable to the estate of the insured. Subsequently, the insured nominated the plaintiff, his mother, as beneficiary and the defendant indorsed on the policy this change of beneficiary without prejudice. The defendant pleaded in its answer a general denial and that public policy bars

recovery under the policy. The trial was before a judge of the Superior Court sitting without a jury. The case was submitted on a statement of agreed facts supplemented by the oral testimony of two witnesses. There was a stipulation in the statement of agreed facts that the court may draw any permissible inferences from the agreed facts. See G. L. (Ter. Ed.) c. 231, § 126. The facts material to the grounds of this decision are these: The policy of insurance was dated December 22, 1933. The first premium was paid on February 5, 1934. The insured committed the crime of first degree murder on February 2, 1934, at Needham in this Commonwealth. He was indicted for this crime. On June 9, 1934, the insured was found guilty of murder in the first degree. *Commonwealth* v. *Millen*, 289 Mass. 441, 447. On February 26, 1935, the insured, as the result of his conviction for murder in the first degree, in accordance with the laws of this Commonwealth, was sentenced to suffer the punishment of death. This sentence was carried out on June 7, 1935. Due proof of the death of the insured was furnished to the defendant. These facts were found by the trial judge, as well as included in the statement of agreed facts. They must be accepted as true.

There is nothing in the policy in the case at bar which is precisely applicable to the facts here presented. The bald question, therefore, is whether an ordinary policy of life insurance is a binding contract to insure against a legal execution inflicted by the State as a punishment for crime.

The exact point has not been decided in this Commonwealth, but there has been discussion of analogous questions. In *Hatch* v. *Mutual Life Ins. Co.* 120 Mass. 550, an action was brought upon a policy of life insurance when the insured voluntarily submitted herself to an illegal operation with intent to cause an abortion, as a result of which she died. It was held that it would be contrary to public policy to permit recovery in these circumstances, although there was no clause in the contract of insurance covering the point. It has generally been held that, if an ordinary policy of life insurance contains no provision in regard to death by suicide, "there is no liability under it to the legal representatives of

the insured, if his death is intentionally caused by himself when of sound mind." *David* v. *Royal·Arcanum,* 195 Mass. 402, 407. *Beresford* v. *Royal Ins. Co. Ltd.* [1937] 2 K. B. 197, 215, 220. There is no liability to a beneficiary of the policy in the same circumstances. It has been held that, where the named beneficiary in a policy of life insurance murdered the insured, "It would be contrary to public policy to permit a beneficiary who has feloniously taken the life of the insured to recover on the policy." *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 567. In *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190, 196, the insured was killed by public officers of the United States while he was smuggling property into the United States in violation of statute. It was held contrary to public policy to permit recovery on the policy of insurance in such circumstances. See, also, *Reagan* v. *Union Mutual Life Ins. Co.* 189 Mass. 555, 558.

The exact question has been decided in other jurisdictions to the effect that it would be contrary to plain principles of public policy to permit recovery on a contract of life insurance in the circumstances here disclosed. The subject is discussed with convincing fullness in *Burt* v. *Union Central Life Ins. Co.* 187 U. S. 362. The decisive reasoning of that opinion is quoted with approval in *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190, 197. It would be vain for us to attempt to embellish the arguments there set forth. To the same effect are *Northwestern Mutual Life Ins. Co.* v. *McCue,* 223 U. S. 234. *Amicable Society* v. *Bollard,* 4 Bligh, N. S. 194, 211. *Supreme Commandery Knights of Golden Rule* v. *Ainsworth,* 71 Ala. 436, 446, 447. *Scarborough* v. *American National Ins. Co.* 171 N. C. 353. *Smith* v. *Metropolitan Life Ins. Co.* 125, Misc. (N. Y.) 670. *Collins* v. *Metropolitan Life Ins. Co.* 27 Pa. Super. Ct. 353. See *Ritter* v. *Mutual Life Ins. Co.* 169 U. S. 139. The great weight of authority supports this view.

The point has been decided differently in other jurisdictions, chiefly on some constitutional provision which is not controlling in this Commonwealth. Most of the cases are collected in *Weeks* v. *New York Life Ins. Co.* 128 S. C. 223, and *Corey* v. *Massachusetts Mutual Life Ins. Co.* 116

W. Va. 63. It is not necessary to review those decisions or to examine the grounds upon which they rest, because the strong trend of our own cases is to the contrary. There is nothing in *Lord* v. *Dall*, 12 Mass. 115, or in *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, at variance with the conclusion here reached.

The decisions of this court already cited seem to us conclusive to the effect that on principle there can be no recovery in the case at bar. Public policy forbids a plaintiff to prevail in the circumstances here disclosed.

*Exceptions overruled.*