ARCHER BALLROOM COMPANY OF NEBRASKA, Respondent, vs. GREAT LAKES CASUALTY COMPANY, Appellant.

*December 4, 1940—January 7, 1941.*

The cause was submitted for the appellant on the brief of *Dougherty, Arnold & Kivett* of Milwaukee, and for the respondent on that of *Stephens, Sletteland & Cannon*, attorneys, and *A. E. Kilmer* of counsel, all of Madison.

FOWLER, J. From the foregoing statement of facts it appears that the instant suit is brought on a public-liability insurance policy issued by defendant to plaintiff. By its terms the policy was issued "To insure . . . [the plaintiff] against loss from liability imposed by law . . . for bodily injuries . . . accidentally suffered or alleged to have been suffered," and "to defend . . . in the name . . . of the assured any claim or suit covered by this policy and brought against the assured, whether groundless or not, for damage suffered or alleged to have been suffered on account of such bodily injuries. . . ."

If the contract involved were a Wisconsin contract the case would be ruled by *Fox Wisconsin Corp. v. Century Ind. Co.* 219 Wis. 549, 263 N. W. 567. A public-liability policy containing the precise terms of the provision of the instant policy so far as above quoted was held to cover liability for injuries sustained in an assault inflicted upon the plaintiff. Counsel for appellant concedes this, and further concedes that "the weight of authority is to the effect that an injury caused by an assault deliberately committed is accidentally sustained within the meaning of a public-liability policy," citing the note in 73 A. L. R. 414, in connection with *Georgia Casualty Co. v. Alden Mills,* 156 Miss. 853, 127 So. 555, 73 A. L. R. 408, upon which this court relied in deciding the *Fox Case, supra.* Counsel cites to the contrary *Briggs Hotel Co. v. Accident & Liability Ins. Co.* 213 Ill. App. 334; *Commonwealth Casualty Co. v. Headers,* 118 Ohio, 429, 161 N. E. 278; *County Gas Co. v. General Accident F. & L. Assurance Corp.* (Tex. Civ. App.) 56 S. W. (2d) 1088; and *Sontag v. Galer,* 279 Mass. 309, 181 N. E. 182. Counsel are entitled to such solace as these cases may afford them, but it seems by their concessions above stated that they are "hoist upon their own petard." The contract being a Nebraska contract is governed by the Nebraska law. There are no Nebraska decisions to the precise point, but there are two decisions of that state to the effect that an injury deliberately inflicted upon an insured under a health and accident policy resulting in death of the insured imposes liability under such a policy. *Railway Officials & Employes Accident Asso. v. Drummond,* 56 Neb. 235, 76 N. W. 562. By parity of reason the Nebraska court would rule that liability exists here. But independent of this counsel for respondent points out that in *Hensel v. Hensel Yellow Cab Co.* 209 Wis. 489, 245 N. W. 159, a case involving a cause of action arising in Ohio, the law of which depended upon the law of that state, this court said at page 504:

"It is considered that when the supreme court of the state of Ohio is called upon to decide this question it will, in accordance with what appears to us to be the sounder reasoning, declare the law to be that the employer [the defendant here] is liable under the circumstances of this case."

So here.

But while the above is the rule as to assaults deliberately committed, the appellant urges that the rule does not apply in cases of provoked assault, and that the instant case is of the latter kind. The respondent claims that the appellant is estopped from asserting, or waived, this defense because the appellant at the outset denied coverage on the grounds that the patron based his action on an assault "committed without any just cause or provocation" and denied liability because the policy covered only "accidental injuries." There was no request to submit a question to the jury to determine whether the assault involved was provoked. In this situation sec. 270.28, Stats., provides that it shall be assumed that the court found the fact covered by the omitted question in such a way as to support the judgment. The fact being assumed to be so found, the judgment must be sustained although the law be as claimed by the appellant. There is evidence in the record to support such a finding. There is, therefore, no need to consider whether the law be as claimed by the appellant or whether the appellant by denial of coverage is estopped from interposing the defense of a provoked assault. Under the statute last cited the only fact involved which could be reviewed would be the award of damages made by the jury if it were claimed to be excessive, but no such claim is made.

*By the Court.*—The judgment of the circuit court is affirmed.