LOUIS LUBIANEZ *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Suffolk.    April 6, 1948. — June 4, 1948.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Insurance*, Coverage; Accident insurance; Life insurance: double indemnity. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Ordering verdict.

The plaintiff in a suit to enforce a right created by a general contract clause which also contains an exception must allege and has the burden of proving that he is not within the exception.

In a policy of life insurance providing double indemnity in the event of death by accidental means, a further provision, following a period at the end of the provision for double indemnity and reading, "The additional benefit shall not be payable if the insured's death . . . (e) is the result of participation in an assault or felony," created an exception to the right of recovering the double indemnity so closely associated with the provision creating that right that it virtually was a part of it.

A motion that a verdict be ordered for the plaintiff in an action upon a policy of life insurance properly was denied where the evidence consisted of oral testimony and the plaintiff had the burden of proving that he was not within an exception included in the general clause creating the right sought to be enforced.

In an action based on a clause of a life insurance policy creating a right to double indemnity in the event of death of the insured by accidental means, not the result of participation in a felony, a verdict for the defendant should not have been ordered where the evidence for the plaintiff was merely that the insured's death was caused by a collision while he was one of three in an automobile being driven by another of the three at a high rate of speed when pursued by police after the operator had refused to stop upon a demand by the police, and where the only evidence that the use of the automobile was unauthorized was introduced by the defendant and was to the effect that, shortly before such occurrence, the automobile had been taken and used by someone without its owner's permission.

CONTRACT.    Writ in the Superior Court dated January 30, 1947.

The action was tried before *Burns*, J.

*F. G. Lichtenstein & W. F. Brophy*, for the plaintiff, submitted a brief.

*E. J. Duggan*, for the defendant.

SPALDING, J.   In the early morning of March 27, 1945, Edward A. Lubianez (hereinafter called the insured) sustained severe injuries, which resulted in his death, when an automobile in which he was riding collided with a tree.   This action of contract is brought by the father of the insured, who was named as beneficiary in a policy of insurance issued by the defendant on the insured's life, to recover the double indemnity benefit provided for in the policy in the event of death by accidental means.   At the close of the evidence the plaintiff and the defendant each presented a motion for a directed verdict.   Subject to the plaintiff's exceptions, the motion of the plaintiff was denied and that of the defendant was granted.   The plaintiff also excepted to the exclusion of certain evidence.

The plaintiff has been paid the face amount of the policy, and it was agreed at the trial that the only issue before the court was whether the insured's death was caused by accidental means within the terms of the policy.   The only provision of the policy which we need consider is the following: "Benefit in event of death by accidental means as defined herein.   Upon receipt of due proof that the death of the insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, the company will pay, as an additional death benefit, an amount equal to the amount payable under the schedule, unless such injuries were sustained while employed in a mine occupation . . . in which case only one half of such additional amount shall be payable. . . .   The additional benefit shall not be payable if the insured's death . . . (e) is the result of participation in an assault or felony . . .."

The evidence introduced by the plaintiff relating to the manner in which the insured met his death was as follows: One DiPaoli, a police officer of the city of Leominster, testified that on March 27, 1945, shortly after midnight he and Officer Harris (who were riding in a police car), as a result

of certain information received over the police radio, drove out to Ponnikin Road, Lancaster, where they observed an automobile "coming in the distance"; that Officer Harris got out of the police car and, as the automobile approached, blew his whistle but the automobile continued on; that they followed in the police car at a speed of sixty-five to seventy miles per hour; and that when the automobile which they were following reached a bend in the road near Dufour's farm it struck a tree and a stone marker and came to a stop. The officer further testified that he found three men in the front seat of the automobile and that they were seated as follows: one Dioron was at the wheel, one Credit, who wore a "U. S. Marine uniform," sat beside Dioron, and the insured sat on the extreme right. It is not disputed that the insured sustained severe injuries which resulted in his death about two hours later.

The defendant introduced evidence tending to show the following: The automobile in which the insured was riding was owned by one McCarthy who used it as a taxicab in connection with a taxi business which he conducted in Leominster. At about 12:20 on the morning of March 27 he observed the automobile leaving an alleyway near his place of business where he had just parked it. He had given no one permission to take it. Shortly before this a police officer had seen three men, one of whom was a "serviceman" wearing a uniform, "around the car" and noticed that "two of these men got into the car and the third one walked in front of it." McCarthy immediately notified the Leominster police. The automobile was next seen by the police on Ponnikin Road in the circumstances described above.

The plaintiff had the burden of proving not only that the death of the insured was "caused solely by external, violent, and accidental means" but that it was not "the result of participation in an assault or felony." The rule is well settled that, where a plaintiff seeks to enforce a right created by a general clause of a contract which also contains an exception, he must allege and prove that he is not within the exception; but where the exception is in another separate or distinct clause of the contract, then the burden of proof

is on the party relying on such exception. *Murray* v. *Continental Ins. Co.* 313 Mass. 557, 563, and cases cited. *Gorski* v. *New York Life Ins. Co.* 315 Mass. 17, 19–20. We are of opinion that the exception that the additional benefit would not be paid if the death of the insured resulted from his participation in a felony was so closely associated with the clause which created the obligation to pay the benefit that it was virtually a part of it, and that it was incumbent on the plaintiff, within the rule just stated, to prove that he was not within the exception. The double indemnity provision in the case at bar is substantially the same as that in the *Gorski* case where it was held that the plaintiff had the burden of proving that he was not within the exceptions therein enumerated. The exception in that case, which was separated from the general clause by a semicolon, read: "provided, however, that such double indemnity benefit shall not be payable if the insured's death resulted, directly or indirectly, from" nine enumerated causes. In the case at bar the exception clause was separated from the general clause by a period and read: "The additional benefit shall not be payable if the insured's death . . . (e) is the result of participation in an assault or felony."

The plaintiff's exception to the denial of his motion for a directed verdict must be overruled. We have frequently said that a verdict can rarely be directed in favor of a party having the burden of proof where the evidence consists of oral testimony. *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 433. *Donahue* v. *Leventhal*, 302 Mass. 393, 395, and cases cited. Clearly this is a case where the evidence in its aspect most favorable to the defendant would warrant a verdict in its favor.

The plaintiff's exception to the direction of a verdict for the defendant, however, must be sustained. It could not be said as matter of law that the evidence introduced by the plaintiff failed to present a case for submission to the jury. Doubtless if the insured had participated in the unauthorized use of the automobile (G. L. [Ter. Ed.] c. 90, § 24 [2] [a], as appearing in St. 1936, c. 434, § 1) or its theft (c. 266, § 28; c. 274, § 1), and had sustained the injuries which re-

sulted in his death in the course of his escape from the scene of the crime, recovery under the double indemnity provision in the policy would not be permitted on grounds of public policy even if death in this manner were not within any of the exceptions contained in the policy. *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190. *Rousseau* v. *Metropolitan Life Ins. Co.* 299 Mass. 91. See *Millen* v. *John Hancock Mutual Life Ins. Co.* 300 Mass. 83, 85. If the death of the insured resulted from his participation in a theft of the automobile (a felony, G. L. [Ter. Ed.] c. 266, § 28; c. 274, § 1), then, as the policy expressly provides, there is no obligation to pay the additional benefit. But on the evidence introduced by the plaintiff the jury were not required to find that the conduct of the insured was such as would preclude recovery either on grounds of public policy or by reason of the exception contained in the policy. In other words, on that evidence a finding that the insured did not meet his death as the result of criminal conduct on his part was warranted. The evidence tending to prove the contrary introduced by the defendant was not binding on the plaintiff. By introducing evidence from which it could have been found that the insured's death was caused by the manner in which the automobile was driven by another and that the death did not occur in circumstances which amounted to participation by the insured in conduct which was criminal, the plaintiff made out a case under the policy which entitled him to go to the jury. It could not be ruled as matter of law that this case was overcome by the defendant's evidence. See *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. In considering a motion for a directed verdict the court is not concerned with the weight of the evidence. *Warner* v. *Fuller*, 245 Mass. 520, 529. Under the practice prevailing in this Commonwealth a case must be submitted to the jury if there is evidence proper for their consideration, "even though the preponderance may appear so great to the trial judge as to require him (if requested) to set aside . . . [a verdict] rendered against such preponderance." *Niland* v. *Boston Elevated Railway*, 208 Mass. 476, 478. *Hicks* v. *H. B.*

*Church Truck Service Co.* 259 Mass. 272, 276. *DeAngelis* v. *Boston Elevated Railway,* 304 Mass. 461, 463.

In view of the conclusion reached, it becomes unnecessary to discuss the exception relating to evidence, as that question may not arise on a retrial of the case.

*Exceptions sustained.*