BESSIE MOLLOY *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    February 8, 1951. — March 7, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Insurance,* Life insurance: death of insured as a result of his own crime. *Public Policy. Proximate Cause.*

The beneficiary of a life insurance policy could not recover thereon where the insured, while engaged in the crime of armed robbery, was shot and killed by his victim, so that his death was the result of his own criminal conduct.

CONTRACT.    Writ in the Superior Court dated April 30, 1949.

The action was heard by *Dowd,* J., without a jury.

*R. L. Mapplebeck,* for the plaintiff.

*J. W. Mahoney,* for the defendant.

LUMMUS, J.    In this action by the beneficiary to recover upon two policies of life insurance on the life of John F. Molloy, the following facts were agreed, and there was no evidence.

On September 5, 1934, the defendant issued a policy of life insurance on the life of John F. Molloy in the sum of

$140, payable to the plaintiff.  On January 26, 1949, the defendant issued a policy of life insurance on the life of said Molloy, in the sum of $2,451, payable to the plaintiff.  The premiums were paid up to the death of Molloy.  The policies provided in substance for payment of the policies on the death of the insured.

On February 16, 1949, the insured, "while engaged in the crime of armed robbery of a retail store proprietor in Boston, Massachusetts, was shot and killed by his victim."  The plaintiff furnished due proof of death, and complied with all formal conditions of the policies.

The judge found for the defendant and reported the case.

Decisions of this court have established the proposition that public policy forbids even an innocent beneficiary of a policy of life insurance to recover on the policy where the death of the insured is the result of his own criminal conduct.  In *Hatch* v. *Mutual Life Ins. Co.* 120 Mass. 550, recovery was denied where the insured, a woman, died as the result of an abortion performed on her with her consent.  In *DeMello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190, the insured was justifiably shot and killed by a coast guard picket boat while the boat of which the insured was one of the crew was trying to smuggle intoxicating liquor into the country in violation of Federal law.  Recovery on the policy was denied.  In *Rousseau* v. *Metropolitan Life Ins. Co.* 299 Mass. 91, recovery was denied where the insured was killed while the insured and others were engaged in stealing an automobile which left the road while being driven at high speed.  See also *Lubianez* v. *Metropolitan Life Ins. Co.* 323 Mass. 16.  In *Millen* v. *John Hancock Mutual Life Ins. Co.* 300 Mass. 83, the beneficiary was held not entitled to recover on the policy where the insured died because of the infliction of the death penalty for murder in the first degree.  In the case before us the killing of the insured was a lawful act of self defence.  *Commonwealth* v. *Devereaux*, 256 Mass. 387, 393.  The death of the insured was the natural result of his own crime.

*Judgment for the defendant.*