## THOMPSON et ux. v. AMERICAN CASUALTY & LIFE CO.

### No. 14539.

Court of Civil Appeals of Texas.
Fort Worth.

June 25, 1943.

Rehearing Denied Sept. 17, 1943.

Graves & Collins, of Fort Worth, for appellants.

Francis M. Chaney, of Dallas, for appellee.

BROWN, Justice.

Appellants, C. L. Thompson and wife, Parrie M. Thompson, brought suit against appellee, American Casualty & Life Company, in the Justice of the Peace Court, for hospitalization expenses incurred by her and contracted to be paid for by appellee, in virtue of a policy of insurance theretofore issued to Mrs. Thompson.

The cause found its way to the county court at law No. 1 of Tarrant County.

The defendant below specifically pleaded that the policy of insurance contains the following provision, which is a bar to any right of recovery, to-wit: "The association assumes no liability for · hospital expense for any disability originating prior to the effective date of this policy, or rest cures at any time"; and pleaded that the insured was suffering from diabetes which had its beginning long prior to the issuance of the insurance contract and that she was treated at the hospital for such disease; and that defendant is not liable for such expenses.

The plaintiffs filed a supplemental petition in said county court, in which they allege that the defendant has waived its defense and is estopped from pleading same because, prior to the issuance of the policy sued upon, the Southern Health Association had full knowledge of all the facts pertaining to the health of Mrs. Thompson and issued the policy with full knowledge thereof, and is bound by the contract, and that the defendant is likewise bound on its assumption of same.

The cause was tried to the court and judgment rendered that plaintiffs take nothing.

Plaintiffs seek to recover on a contract of insurance issued by Southern Health Association, which contract contains the above quoted provision.

In order to hold the defendant under this contract, to which it is not a party, the plaintiffs have alleged the assumption of same by the defendant.

This being true, the provisions of the contract of assumption, as well as those in the original policy, must be looked to, if liability is to be established.

The "assumption certificate" contains the following provisions: "Hereby assumes all obligations under and according to the terms, provisions and limitations of the Hospital Policy or contract of hospitalization issued by The Southern Health Association * * * The American Casualty & Life Company * * * assumes the full liability of the above named and numbered certificate for all losses *the cause of which occurs on or after the date of this Assumption Certificate.*"

It is undisputed that Mrs. Thompson has been a sufferer from diabetes for several years; that she obtained from the Southern Health Association a policy providing for hospitalization, in the year 1938, and was confined to a hospital from disability brought about by diabetes in 1939, the expense of which was paid by such Association, and that said Association thereafter issued to her the contract, on which this suit was brought, and such contract was assumed by the defendant.

We will not discuss the ten points raised, inasmuch as appellant treats them as being so closely related that they are briefed under one statement.

Appellant relies for authority upon the decision in Lee v. Mutual Protective Ass'n, Tex.Civ.App., 47 S.W.2d p. 402, and the brief asserts, "affirmed by Supreme Court, 65 S.W.2d 271".

The Supreme Court, on the recommendation of the Commission of Appeals, dismissed the application for a writ of error, solely on the ground that the application for a writ of error assigned as error certain rules of law that were not in fact decided by the Court of Civil Appeals.

We do not consider the Lee case as authority controlling the case before us.

There is nothing in the agreed statement of facts that tends to show that the Southern Health Association ever knew what caused Mrs. Thompson to procure hospitalization under the first policy issued to her.

No physician's report of the cause of disability and no record of the hospital showing same was introduced in evidence, and for aught we know the Association was never advised as to the cause of Mrs. Thompson's confinement to the hospital.

But, even though it could have been shown that the insurer Association knew that the cause of Mrs. Thompson's disability in 1939 was diabetes, there is no evidence in the record showing that the Association knew she was still suffering with such disease on January 15, 1941, when the second policy was issued.

■ We do not see waiver or estoppel in this case, so far as the original insurer is concerned.

■ We believe that the exception or limitation placed in the policy, to the effect that the Association will not be liable for any disability originating prior to the effective date of the policy, means and was intended to mean that, if the insured had need of hospitalization caused by some disease, from which she was suffering prior to the time the policy was issued to her, the Association would not be responsible for the expenses incurred.

■ But it cannot be said that the defendant company is liable beyond its contract of assumption, a contract received by the insured and on which she must rely for a recovery.

This contract specifically provides that the defendant assumes the full liability "for all losses *the cause of which* occurs on or after the date of this assumption certificate". (Emphasis ours.)

The cause of Mrs. Thompson's confinement to the hospital was the malady known as diabetes and she was suffering with it at the time she procured the policy and when the certificate of assumption was issued to her. The cause of her disability did not occur on the date of the issuance of such certificate, nor did it occur thereafter.

■ We are of opinion that the defendant is protected under the provisions of the original policy, but assuredly it is protected by the terms of the assumption certificate.

No one knew better than the assured that she was suffering from diabetes when she procured the contract of insurance and when she accepted the assumption contract and she will be bound by the provisions of the contract on which she relies.

Finding no error, the judgment is affirmed.