**Andrew F. BAGLEY, Appellant,**

v.

**PEOPLES LIFE INSURANCE COMPANY, Appellee.**

**No. 7254.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1960.

Rehearing Denied Dec. 6, 1960.

Stone & Stone, Wm. Emerson Stone, Jr., Jacksonville, for appellant.

Lawrence & Lawrence, Wm. D. Lawrence, Jr., Tyler, for appellee.

FANNING, Justice.

Andrew F. Bagley sued Peoples Life Insurance Company, an old line legal reserve stock company, for $187.50 as incidental relief to a declaratory judgment of the rights of plaintiff and defendant under a policy of insurance issued in 1935 by Peoples Life Insurance Company, a mutual company, which policy was assumed to the extent and in the manner stated in a written assumption certificate issued by the above named old line legal reserve stock company, appellee herein.

The original policy issued by the mutual company in 1935 covered Andrew F. Bagley, Addie Bagley, Ruby Richerson, Weldon Bagley, and Hazel Bagley, and provided for the payment of $150 for the first death to appear in the group, $187.50 for the second death, $275 for the third death, $375 for the fourth death, and $750 for the fifth death to occur in the group.

The policy of the mutual company was assumed by the appellee company to the extent stated in its written assumption certificate of September 1, 1949. The assumption certificate is not a short simple assumption in toto of all of the obligations of the original policy but contains many provisions, and Section 1, the pertinent provision to be construed here, reads as follows:

"1. *The Amount of Insurance* payable under this Assumption certificate *as to each Insured* shall be *the amount in force as to such Insured* under the above numbered policy *as of the Effective Date of this Certificate."* (Emphasis added.)

Weldon Bagley died on November 21, 1949, and appellee insurance company paid the $150 benefit provided for such death.

On January 18, 1959, the second death in the group occurred, Addie Bagley, and appellee insurance company tendered the sum of $150, which was refused by plaintiff. Plaintiff brought suit for $187.50 for the death of Addie Bagley, and sought a declaratory judgment to the effect that the

assuming appellee insurance company would be fully bound by the terms of the policy of the mutual company for the above described increasing benefits for the third, fourth, and fifth deaths of the group as they occurred. Appellee insurance company defended on the ground that it was liable only to the extent of its special written assumption agreement, and that under section 1 thereof it was bound only to the extent of $150 for each death of each insured in the group. Trial was to the court without the aid of a jury, and the trial court after considering the agreed stipulation of the parties, the evidence adduced, the original policy of the mutual company and the written assumption agreement in question, agreed with appellee's construction of the matter in dispute, denied appellant the relief sought, entered judgment for plaintiff for the $150 tendered by appellee insurance company, and taxed costs against the appellee.

■ It is well settled law that when a re-insurer is sought to be held on the ground of an alleged express assumption, it must appear that the liability sought to be enforced is within the terms of the assumption. 24B Tex.Jur., Insurance, Sec. 484, p. 982; Thompson v. American Casualty & Life Company, Tex.Civ.App., 173 S.W.2d 974.

■ It is clear that on Sept. 1, 1949, the date of the assumption and reinsurance certificate, that neither the assuming company nor the old mutual company for that matter, would have been responsible to pay upon the death of *any one* of the five then living assureds more than $150. That sum was the maximum insurance that was then in force for *any one* of the then living insureds (by virtue of the original mutual policy) on September 1, 1949, when appellee re-insured such policy to the extent stated under the express terms of its written assumption certificate.

Construing section 1 of the assumption certificate (in the light of the entire record in the case) most strongly against the insurance company, it still remains clear that section 1 of the assumption certificate is clear

and unambiguous and that no other conclusion can be reached but that on the death of *any one* of the then five living insureds on September 1, 1949, the sum of $150 was the maximum amount then payable for the death of *any one* of the then living five insureds.

The terms of the original mutual policy and of the assumption certificate are different as to the benefits payable under the policy. Otherwise, it would not have been necessary for the assuming company to have written such a specific detailed assumption agreement, as it could have written a very short half page simple re-insurance agreement assuming all of the terms and conditions of the mutual policy without any conditions or limitations upon the amount payable. The assumption certificate was a new contract by a new insurance company tendered the appellant and accepted by him by virtue of its delivery to him and his payment of premiums thereon. The appellant sued the appellee old line company, not the mutual company, and must rely upon the assumption certificate to recover any judgment against appellee insurance company. To the extent that the terms of the assumption certificate differ or cause the terms of the original mutual policy to be varied, the assumption certificate must control. It is clear that the appellee is not liable beyond the extent of its contract with appellant under the assumption certificate.

The judgment of the trial court is affirmed.

DAVIS, J., dissents.

DAVIS, Justice.

I dissent. Section 1 of the assumption certificate provides that: "The 'amount of insurance' payable under this Assumption Certificate as to *'Each Insured'* shall be the amount in force as to *'Such Insured'* under the 'Above Numbered Policy' as of the 'Effective Date of This Certificate'". (Emphasis added.) How much was the insurance for "each insured" on the date of the certificate? For the first one to die $150; for the second one to die $187.50; for the third one to die $275; for the fourth one to die $375; and, for the fifth one to die $750. Those are the amounts for "each insured" on such date as provided in the "insurance policy". Those are the amounts of insurance guaranteed by the Peoples Life Insurance Company, and it assumed the liability to pay such amounts.

I would reverse and render the judgment of the trial court.