ANDREW F. BAGLEY V. PEOPLES LIFE INSURANCE COMPANY

No. A-8187. Decided May 3, 1961
Rehearing Overruled May 31, 1961
(346 S. W. 2d Series 103)

*Stone & Stone*, of Jacksonville, for petitioner.

*Lawrence & Lawrence*, of Tyler, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Petitioner filed suit against Respondent in the District Court of Cherokee County, Texas, on an insurance policy for recovery of the sum of $187.50, alleged to be due by virtue of the death of Addie Bagley, one of the insureds under said policy. Andrew F. Bagley was the beneficiary named in the policy. The Petitioner further sought a declaratory judgment construing the terms of the policy and an Assumption Certificate issued by Respondent. Trial was to the court without a jury, and judgment rendered in favor of Petitioner for the sum of $150.00. The policy, with the Assumption Certificate attached, was construed to provide for payment of the sum of only $150.00 on the death of each of the insureds to the policy beneficiaries. The Court of Civil Appeals affirmed with one justice dissenting. 341 S.W. 2d 471.

The cause was tried on stipulated facts, the relevant and material portion being: On September 21, 1935, Peoples Life Insurance Company of Texas, a mutual company, issued to Andrew F. Bagley, Addie Bagley, Ruby Richerson, Weldon Bagley, and Hazel Bagley, its special increasing group life insurance policy. The beneficiaries named were Andrew F. Bagley and Addie Bagley. The face amount of the policy was $750.00 as of May 12, 1936. The policy provided for payment to the beneficiaries named therein as follows: $150.00 for the first death to occur in this group; $187.50 for the second death to occur in this group; $275.00 for the third death; $375.00 for the fourth death and $750.00 for the fifth death to occur in this group. The policy further contained a provision that should all the members die within any 90-day period the Company would only be liable for the face amount of the policy.

On September 1, 1949, while the policy was in full force and effect, there was attached to it an Assumption Certificate, the pertinent parts of which are as follows:

"This is to certify that the above numbered policy, issued to the Insured or Policyowner shown above, has been assumed and reinsured by PEOPLES LIFE INSURANCE COMPANY An Old Line Legal Reserve Stock Company Tyler, Texas, (Hereinafter Called the Company) subject to the terms, conditions and provisions hereinafter set forth:

"1. THE AMOUNT OF INSURANCE payable under this Assumption Certificate as to each Insured shall be the amount in force as to such Insured under the above numbered policy as of the Effective Date of this Certificate."

Elsewhere the Certificate provided that it became effective September 1, 1949. Subsequent to the issuance of the policy and the issuance of the Assumption Certificate, Weldon Bagley died on November 21, 1949, and, on appropriate proof of his death, the Peoples Life Insurance Company paid $150.00 in satisfaction of the liability thereon. On January 18, 1959, the second death in the group of five occurred, to-wit, that of Addie Bagley, and the Respondent offered to pay the sum of $150.00 in satisfaction of said liability, which offer was refused by Petitioner.

Respondent contends that under the terms of § 1 of the Assumption Certificate, it is liable only to the extent of $150.00

for the death of each insured in the group. It is well settled law that when a re-insurer is sought to be held on the ground of an alleged express assumption, it must appear that the liability sought to be enforced is within the terms of the assumption. 24B Tex. Jur. 982, § 484; Thompson v. American Casualty & Life Co., Tex. Civ. App., 1943, 173 S.W. 2d 974.

Respondent reasons that on September 1, 1949, the date it assumed liability under the original policy, all of the members of the group insured were living, and that the only liability, under the policy, was to pay to the beneficiaries the sum of $150.00 for the death of each insured; that this amount was the maximum insurance that was then in force for any one of the insureds then living; that under the plain terms of §1 of the Assumption Certificate, the Respondent would have been liable only for $150.00 for the death of any one of the insureds; therefore, it contends it is liable only for $150.00 on the death of each of the insureds after September 1, 1949, regardless of the order in which they might die.

We do not agree with this reasoning. On September 1, 1949, the insurance then in force as to each insured depended on the order in which the insureds might die, (not considering the 90-day provision, which has no applicability under the facts of this case.) The amount of insurance in force as to the first one to die was $150.00; the second to die, $187.50; the third, $275.00; the fourth, $375.00 and the fifth to die, $750.00. Respondent does not claim that the policy between the time of its issuance and its assumption by Respondent did not provide insurance to each insured in accordance with the schedule set out in the policy, and the amount depended on the order of death of the insured. There is nothing in § 1 of the Assumption Certificate that in any manner purports to change such schedule. This schedule determines the liability of the mutual company and the amount of insurance in force as to each insured on the date of assumption, and the Respondent assumed such liability to each insured. § 1 is plain and unambiguous and its meaning is clear to us.

The judgments of both courts below are reversed, and judgment here rendered in favor of Petitioner against Respondent for the sum of $187.50. The liability of the Respondent is hereby declared to be in accordance with the schedule contained in the original policy; i.e., $275.00 for the third of insureds to die; $375.00 for the fourth, and $750.00 for the fifth and last member to die; provided, however, that the policy premiums are

paid and the policy is in force at the date of death of each insured, and subject to the 90-day provision and all other provisions of the policy and Assumption Certificate.

MR. JUSTICE CULVER dissenting.

In my opinion the trial court and the majority of the Court of Civil Appeals reached the correct result. This court is holding in effect that respondent company assumed the insurance coverage exactly as provided by the terms of the policy as originally issued by the Mutual Company. Obviously if this had been the intent of the company all that needed to be said in the Assumption Certificate was: "THIS IS TO CERTIFY that the above numbered policy, issued to the Insured or Policyowner shown above, has been assumed and reinsured by PEOPLES LIFE INSURANCE COMPANY, An Old Line Legal Reserve Stock Company, Tyler, Texas." But the certificate went further in setting out the conditions under which the policy was assumed as follows:

"1. THE AMOUNT OF INSURANCE payable under this Assumption Certificate as to each Insured shall be the amount in force as to such Insured under the above numbered policy as of the Effective Date of this Certificate."

The inference must be drawn that this condition effected some change in the amount of insurance payable, otherwise the clause serves no useful purpose whatsoever. It is to be borne in mind that on the date of the assumption all five of the persons covered by the original policy were living. It seems clear to me that the amount of insurance in force as to each insured on the effective date of the certificate was only $150.00 because under the terms of the original policy if anyone had died on that date the maximum payable would be $150.00. The purpose of the clause as I see it is to afford to each insured the same protection no matter in what order each might die.

There are other changes in the Assumption Contract which bear out this conclusion. For example, the original insurer was a Mutual Company and the policy contained the following provisions:

"The entire mortuary fund derived from premium payments on this and all like policies is pledged for the payment of approved death claims arising hereunder and no extra

payments will be demanded unless and until said mortuary fund is exhausted and in that case it is agreed that the officers of the Company have the right to call for extra payments, which must be paid in order to keep the policy in force and effect."

The privilege of increasing the premium and demanding additional assessments has been voided by the Assumption Contract. The respondent is an old line legal reserve company and in its contract it provides that the premiums shall be the same as charged in the original policy but not subject to change during the continuation of the policy after its assumption and no additional assessments can be levied. I think it is commonly known that the plan provided in the mutual policy of increasing the benefits after the death of members of the group is not in use by so-called old line or standard insurance companies.

Under the construction given by this court to Paragraph 1 of the Assumption Contract, the respondent has assumed a total insurance liability of $1,737.00 for which it receives an annual premium of $13.80. The ages of the five insured persons ranged from 28 to 62 years on the date of the assumption of the contract. I daresay that it is also commonly known to the insurance buying public that ordinary old line life insurance cannot be obtained on any such terms. Under the respondent's contention it assumed only a total liability of $750.00 which would seem to be much more reasonable compared with the p r e m i u m charged.

I would affirm.