### WOODUL v. RELIANCE INDUSTRIAL LIFE INS. CO. [*]
### No. 4980.

Court of Appeal of Louisiana.
Second Circuit.
March 8, 1935.

George Thurber, of Shreveport, for appellant.

Dickson & Denny, of Shreveport, for appellee.

*Rehearing denied April 3, 1935.

TALIAFERRO, Judge.

On October 2, 1933, defendant issued to plaintiff a Medical-Surgical-Hospital Policy, wherein it agreed to furnish to him, his wife and daughter, medical and surgical treatment, hospitalization, advice, and consultation, "as long and as often as required, subject to the agreements and conditions" stipulated in said policy. Section 12 is as follows: "The Insured or any member of the Insured's family designated herein, shall only be entitled to preliminary hospitalization, examinations and diagnosis, but not further treatment nor hospitalization, for disability resulting from insanity, attempted suicide, alcoholism, venereal diseases, pulmonary tuberculosis, cancer, pernicious anemia, rheumatism, bright's disease, paralysis, diabetes, or orthopedic surgery, or any complications of these conditions, or acute contagious or infectious diseases such as are prohibited in any general hospital, or for any illness that originates prior to fifteen days from date of this policy. Other chronic diseases originating after fifteen days from the date of this policy, the Insured or any member of the Insured's family designated herein, shall be entitled to hospitalization, and physician's services for a period not to exceed three months."

On February 12, 1934, plaintiff's wife first visited the office of Dr. Colquitt, an osteopathic practitioner in the city of Shreveport, for advice and treatment, and was treated by him, intermittently, at his office, thirty-four times, the last being on May 9, for which services a charge of $102 was made against plaintiff. In addition to these charges, a charge of $10 was made for X-ray picture of a part of Mrs. Woodul's body, and one for $5 for treating the daughter. The date of treatment of the daughter and the specific ailment for which she was treated is not disclosed by the record. It is not shown that she was treated for an affection or disease within the coverage of the policy.

Plaintiff brought this suit to recover the total of the above-mentioned charges, or $117, plus 12 per centum statutory penalty, and attorney's fees of $25.

Defendant filed exception of no cause and no right of action and motion for bill of particulars. These do not appear to have been passed upon. With reservation of its rights under the exception and motion, defendant answered. It denied any liability whatever to plaintiff for the amounts sued for, though admitting issuance of the policy sued on. The necessity for the treatment administered to Mrs. Woodul is denied; and, further, it is denied that the ailment for which she was treated by said osteopath was one of those covered by the policy; that plaintiff gave to defendant the written notice of the date of the first treatment within four days thereof, or notice of the prolonged treatment as required by the policy. It is affirmatively alleged that the illness for which treatment was given originated more than fifteen days prior to date of the policy. It is specifically denied that the osteopath selected by plaintiff to treat his wife was one of those appearing upon a list of physicians designated by defendant for use as provided by section 14 of the policy. It is further denied that plaintiff's daughter, 19 years of age, was eligible for the insurance provided by the policy, as it is expressly stipulated therein that children under 18 years only are eligible for such insurance.

From a judgment for plaintiff for the amounts for which he sued, defendant prosecutes this appeal.

Appellant's chief contention is that the disease afflicting plaintiff's wife, for which Dr. Colquitt treated her, had its origin long prior to the date of the policy sued on, and, therefore, there can be no liability on its part for the expenses incurred by such treatment. We think the evidence sustains this contention. Dr. Colquitt diagnosed Mrs. Woodul's trouble as being mucous colitis, or inflammation of the mucous membrane of the large intestine, which is spastic and painful. He stated that this condition had existed for two years or more. He also said that when he first examined her he found that she was also suffering from pains in the sacroiliac joint, but this responded promptly to his treatment. He did not undertake to fix the time this trouble originated, or its cause. Injury to these joints almost invariably results from falls, jerks, or other quick movements of the body, but as the patient only complained of pains therein it is not improbable these were the collateral effect of the other ailments. Neither plaintiff nor his wife testified concerning any injury to the sacroiliac joint. She did not testify in the case at all, but he did. It devolved upon plaintiff to adduce testimony that would entitle him to recover under the policy. He has not done this. This is true as to the charge for treating his daughter and for the X-ray picture.

It will be observed that the quoted provision of the policy specifically excepts many well-known maladies from its coverage, and then, in addition, excepts therefrom "any illness that originates prior to fifteen days from date of this policy." The wisdom, from the standpoint of both the insurer and insured,

of such a stipulation in a policy of this character is obvious. The premiums were small; and unless there were such limitations placed upon the responsibility of the insurer it could not long endure. It was certainly not the intention of the parties to insure against diseases of long standing, and the proof offered by plaintiff himself establishes beyond question that the mucous colitis, for which his wife was treated, was a chronic condition of at least two years' standing. It therefore becomes unnecessary to consider other defenses urged.

The record does not disclose whether there was or was not a medical examination of Mrs. Woodul before the policy sued on issued. There is no reference whatever to such an examination by either side; neither does it appear that defendant's agent had an opportunity to ascertain her true condition of health prior to issuance of the policy. Testimony in support of our finding that Mrs. Woodul was treated for diseases which had their origin two years or more before date of the policy, was given by plaintiff's own witness. It was not objected to, and is properly in the record. In view of these facts and circumstances, we do not think we are authorized to invoke the provisions of Act No. 97 of 1908, amended by Act No. 195 of 1932, which have been rather strictly applied in many cases deemed to fall within their scope.

For the reasons assigned herein, the judgment appealed from is reversed and set aside; plaintiff's suit is dismissed, and his demands rejected at his cost.