AMERICAN LIFE INSURANCE COMPANY *v.* WALKER.

In Banc. Dec. 31, 1949.

No. 37325 (43 So. (2d) 657)

(1)

O. F. & J. O. Moss, for appellant.

**William S. Murphy,** for appellee.

**Smith, J.**

Appellant, under a hospitalization policy, dated May 1, 1948, insured appellee against ''financial loss due to

hospital residence, surgical operations and certain other expenses * * * (b) resulting from sickness which is contracted while this policy is in force, herein called 'such sickness' * * *''. The policy contains, among General Provisions, this further condition upon right to indemnity thereunder: ''2. The provisions of this policy * * * shall not take effect * * * unless this policy has been received by the applicant while all the Insured are in good health and free from injury.''

The policy was received on or about May 7th or 8th, 1948. Appellee having found it necessary to enter a hospital, on advice of her physician, did so on July 7, 1948, where she remained for approximately twelve days, and undergoing an operation for gall bladder trouble, She filed claim for the indemnity under the policy schedule, with due proof as required, which the appellant refused to pay.

Appellee thereupon filed suit in the court of a justice of the peace and recovered judgment for the full amount claimed, $191. Appellant appealed to the circuit court, where the case was tried de novo, and resulted in a peremptory instruction to the jury to find for plaintiff in the amount of $181. Appellant's motion for a peremptory instruction in its behalf was overruled. The latter appealed here.

The case having originated in the court of a justice of the peace, although appellee filed a declaration, appellant filed no pleas. Its defense, however, was that appellee's claim was not within the terms of the policy because she was not in good health at the time she received it on May 7, 1948, for the reason that her ailment, cholicystitis, or gall bladder trouble, for which she was operated upon, ''pre-existed'' the issuance of the policy—in other words, was not contracted ''while this policy is in force.'' In the circuit court trial, another issue arose, dealing with an assignment of her alleged rights

under the policy of her husband, which we will reach later in this opinion.

Decision on the merits of appellant's defense as to the facts, and their relation to the policy provisions, supra, require a summary of the evidence. In her testimony, the appellee, Mrs. Dela Lee Walker, testified that she went to the hospital on July 7, 1948, for gall bladder removal, stating that to her knowledge she had never had it before, and no one had ever told her she had gall bladder trouble prior to the issuance of the policy. On cross-examination, she admitted she had been under the care of her physician, Dr. Benson, for a number of months in 1947 for a chronic arthritic condition, from about April to December. She had also undergone a pelvic operation some years previously.

She, in connection with the proof of her claim for indemnity when submitted to appellant insurance company, had consented for her physician, Dr. Benson, and the operating surgeon, Dr. Thompson, to furnish her case history and diagnosis of her trouble, which required hospitalization. This document revealed that her trouble was chronic cholecystitis, with pain "in hypochondrium region"; and that her past "medical history pertaining to this disability was characterized by attacks of epigastive pain—repeat stomach and excessive gas—and indigestion." The statement, however, was further to the effect that she had had no chronic or constitutional disease, and that the operation performed in the Jackson County Hospital was a Cholecystectomy. In contradiction to a part of the foregoing statements, however, the case history concluded with the statement that the doctors' final diagnosis of her case was chronic cholecystitis.

Dr. Thompson, the surgeon, did not testify, but Dr. Benson, the physician, was introduced as a witness for the plaintiff. He testified that he examined appellee about June 15th, at her home and he found her suffering

severe pain in the upper part of her abdomen. He gave her a sedative, and kept her under observation for a few days, when he gained the impression appellee was suffering from "acute cholecystitis". It is here to be borne in mind, the case history contained the final diagnosis as chronic cholecystitis. However, she was hospitalized on his advice, her condition diagnosed as gall bladder trouble, and the operation was performed. Dr. Benson further testified he treated appellee in April 1947 for a back trouble, and in the early part of 1948, and nothing at that time had any reference to gall bladder conditions, the first indications of which appeared in the following June.

On cross-examination, the doctor stated that appellee had a chronic condition, sacro iliac, from April 1947 until early in 1948, being continously under his care. He said: "It was the 15th of May, 1948, with reference to gall bladder trouble," although as shown, supra, he stated that he first examined appellee on June 15th, which discrepancy he attributed to some confusion as to dates. However, both dates were later than that of the receipt of the policy, May 7th or 8th. However, since it is clear that the hospitalization began on July 7th, a short while after the diagnosis, Dr. Benson's fixation of it on June 15th was the correct date.

In the circuit court, the plaintiff then rested her case, and appellant moved the court for a peremptory instruction, for the reason that the policy and all her rights under it had been assigned by appellee to her husband, who was not a party to the suit. It is uncontroverted that such assignment had been made. Immediately, appellee moved the court for leave to reopen her case, which, over objection by appellant, was permitted. The husband, Mr. T. L. Walker, was put on the stand and stated that he authorized appellee to bring the suit in her name, and he waived all his rights under the assignment, and whatever was recovered in the suit, with his

consent, would go to his wife for the benefit of her hospital. After this testimony was concluded, appellant renewed its motion on the same grounds, which was likewise overruled. Appellant then offered its agent, who took the application, whose testimony in our opinion was of no benefit in the trial of this lawsuit on the issues before the court.

▆▆ Appellant earnestly contends that it was error to permit the reopening of appellee's case, but, since it was in the discretion.of the trial court, and we cannot say this discretion was abused, we do not agree that it was erroneous. It is further contended, on the part of appellant that Mr. Walker's waiver and renunciation of the assignment from the witness stand was ineffectual and should not have permitted appellee to recover in her own name, and that she should, at least, have sued for the use of her husband, as assignee. Appellee also argues that no notice of misjoinder or nonjoinder was given in accordance with Sections 1457-1458, Code 1942. However, it is not necessary to adjudicate those points as we are of the opinion that the court was correct in permitting the case to proceed and in overruling appellant's two motions by virtue of Section 1448, Code 1942, which provides: " * * * In case of a transfer or an assignment of any interest in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action."

This brings us now to consideration of the question whether or not appellant had a right to defend on the grounds that have been detailed, supra, since no copy of the application was attached to the policy or delivered to appellee, as assured. Appellee contends it had no such right on the basis of Section 5684, Code 1942: "All life

insurance companies doing business in the state of Mississippi shall deliver to the insured with the policy, certificate or contract of insurance in any form a copy of the insured's application, and in default thereof said life insurance company shall not be permitted in any court of this state to deny that any of the statements in said application are true.''

The appellant did not ground its defense upon attempted denials of any statements in the application. Its defense was that appellee's sickness was not contracted while the policy was in force, and that she was not in good health when she received the policy, and, therefore, her case was not embraced within the provisions for indemnity under the policy.

Appellee cites National Life & Accident Insurance Company v. Prather, 169 Miss. 898, 153 So. 881, wherein the insurance company failed to attach a copy of the application to the policy or to deliver one to the assured, yet, nevertheless, attempted to deny liability because of misstatements in the application. Such is not the situation here, and that case, therefore, is not in point.

Appellants rely upon our decision in the case of Metropolitan Life Insurance Company v. Scott, 160 Miss. 537, 134 So. 159, 161, where, as here, the insurance company contended, not that assured in the application had misstated material and pertinent facts, but that her claim did not come within the terms of the policy. There, as here, no copy of the application accompanied the policy or was delivered to assured. We held it was unimportant, because of the nature of the defense, as to which we said: ''The appellant by its pleadings did not rely upon the falsity of any statements or the breach of any warranty found in the application itself, but relied exclusively upon the terms of the policy as the basis of the defense interposed, and it contends that the existence of an application not incorporated into or attached to the policy by reference, and not delivered to the insured

with the policy, does not preclude it from relying on breaches of conditions or warranties contained in the policy itself.'' So, the appellant's position is correct, as between the two cases repectively cited, but neither party seems to have observed that the statute specifies life insurance, with which both decisions deal, while in the case at bar, we are considering only hospitalization insurance, not mentioned in the statute.

Irrespective of those statutes and decisions, the ultimate solution of the issues of this action depends upon the facts, and the propriety of the grant by the trial court of a peremptory instruction to the plaintiff, appellee here, all of the material testimony having been summarized, supra. ██ Although appellant filed no pleas, since the action originated in the justice of the peace court, nevertheless it set up an affirmative defense, and the burden of sustaining the same was upon it, and in our judgment this was not achieved by the appellant. It offered no evidence on the merits, depending upon cross-examination, and the case history and diagnosis of appellee's trouble. Certainly, even if it can be conceded that there are some troublesome inconsistencies and some vagueness in it, it cannot be said that the evidence established and sustained the defense interposed by appellant —that is, the appellee's gall bladder trouble antedated her receipt of the policy, and that she was not in good health when she received the policy on May 7th or 8th, 1949. The illnesses prior to 1948 seemed to have all cleared up and not to have affected the health of assured in May 1948, and that so far as they were concerned she was in reasonably good health when she received the policy. ██ ''Good Health'', as employed in insurance contracts, ordinarily means a reasonably good state of health, and does not mean perfect health. Woodmen of the World Life Insurance Society v. Johnson, 196 Miss. 1, 16 So. (2d) 285.

██ The gall bladder trouble, whether acute or chronic, is shown not to have started before June 1948,

more than a month after appellee received the policy on May 7th, or 8th, 1948. The assured was not put through a medical examination, when applying for the policy, as such examinations are not required of applicants for hospitalization policies by appellant company. This examination, if it had been made, would of course, have thrown much light on the condition of appellee's health, but without it we are limited to the facts which are of record, and reasonable inferences therefrom, as detailed supra.

In view of what we have said above, it follows that the judgment of the trial court must be, and it is affirmed.

Affirmed.