Stella V. McINTOSH, Appellant,

v.

GROUP HEALTH ASSOCIATION, Inc., a corporation, Appellee.

No. 2050.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 9, 1957.

Decided Feb. 4, 1958.

---

4. Cf. Botti v. Venice Grocery Co., 1941, 309 Mass. 450, 35 N.E.2d 491, 135 A.L.R. 1387.

George Greenberg, Washington, D. C., for appellant.

Francis J. Robinson, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Group Health Association is a nonprofit membership corporation providing medical, surgical, and hospitalization services exclusively to its members and their dependents. Its application for membership and by-laws fixing the rights and duties of members provide that medical benefits may be restricted for physical conditions existing prior to membership.[1] The determination of pre-existing conditions is made on the basis of a physical examination, or in the absence of this the determination may rest on a medical history, laboratory findings, and other medical data. Restrictions once imposed relate retroactively to the beginning of membership.

Appellant was accepted for membership on April 7, 1954, as a dependent of her son and was given a physical examination on July 29. She was thereafter notified in writing by Group Health that several restrictions had been imposed as a result of the examination, one of which was phrased "pyuria, pending final diagnosis." No further visits to the medical center were made by appellant until February 22, 1956, when she sought medical attention for chronic headaches and chest pains. On the basis of laboratory findings made at that time, she was notified and repeatedly urged on subsequent visits to have kidney X-rays taken for the purpose of a further diagnosis of the pyuria condition. In July of the

1. Article IV, Section 7 of the by-laws, reads: "In the case of members or dependents enrolling by the individual admissions procedure, the Association shall, upon the recommendation of the Medical Director, impose limitations for services including hospitalization for conditions which existed prior to admission to membership. Such limitations ordinarily procured by the Association shall in these by-laws be called Restrictions. The Association gives no assurance that it will endeavor to contract for services for restricted conditions, but it will provide consultations and treatments at the Clinic with the Association's medical staff to members and their dependents after they have participated in membership for a period of one year. * * * Notification of all restrictions shall be in writing and shall apply retroactively to the beginning of membership. * * * "

same year appellant agreed to have X-rays taken, which revealed two large stones in the left kidney. Surgery was performed by a private physician and the infected kidney removed. Following surgery the pyuria condition completely disappeared.

Suit was instituted for medical expenses incurred, appellant alleging that the restriction for pyuria imposed by Group Health did not include a restriction for kidney stones. At the conclusion of all evidence the trial judge directed the jury to return a verdict for the appellee (Group Health).

Several errors are assigned in this appeal. Principally appellant contends that the trial court erred in (1) ruling that the burden of proof was upon the appellant to show that either she did not have kidney stones at the time of the physical examination in July 1954, or that the kidney disorder was unrelated to the pyuria condition and that she was therefore entitled to the benefits of membership; (2) failing to give appellant the most reasonable and favorable construction of the restriction because of its vagueness and ambiguity; and (3) granting appellee's motion for directed verdict.

In an exhaustive opinion defining the corporate status of Group Health Association the United States Court of Appeals for the District of Columbia Circuit held that organization to be in fact and in function a consumer co-operative.[2] The opinion points out that Group Health is not an insurance or indemnity company; no policy is issued, and its function does not contemplate the element of risk.

"* * * [T]he cooperative is concerned principally with *getting service rendered* to its members and doing so at lower prices made possible by quantity purchasing and economies in operation. [Footnote omitted.] Its primary purpose is to reduce the cost rather than the risk of medical care; * * *."[3]

Inasmuch as a member's rights to services are fixed largely by the by-laws, the right of recourse of a member must be predicated on this contract. Accordingly the principles governing in a member's suit are those of contract law and not, as appellant urges, those rules of law peculiar to insurance cases. On this basis the burden of alleging and proving a fact on which a plaintiff's remedial right depends is on the plaintiff. All facts necessary to a defendant's duty of performance must be shown and the consequent breach by the defendant proved, if such be the case. The contract here cannot be likened to an insurance policy which may include clauses so worded as to negate a legal duty on the part of the insurer or leave the rendition of performance wholly at the will of the insurer. Under the by-laws of Group Health no real exclusion was imposed. The application for membership and by-laws of Group Health inform members that membership benefits extend to all medical disorders occurring subsequent to membership. After membership for one year, consultations and clinical treatment are provided for conditions pre-existing membership.[4]

Appellant's second assignment is directed to the language of the restriction itself. She urges the application of the rule that a contract should be construed against the party who wrote it where the terms are ambiguous. Undoubtedly this is the rule, but we cannot agree that its application is proper in this instance.

The restriction was phrased "pyuria, pending final diagnosis." Admittedly, on the basis of the medical testimony offered, the restriction is broadly phrased. Pyuria is in medicine a symptom which of itself connotes some vagueness. However, the

2. See Jordan v. Group Health Ass'n, 71 App.D.C. 38, 107 F.2d 239, 247.

3. Id., 71 App.D.C. at page 46, 107 F.2d at page 247.

4. See by-laws set out in footnote 1.

definition of the term as offered by three doctors representing both parties at the trial was no different than the definition found in any standard dictionary. This definition was readily available to appellant by recourse to a dictionary or by a simple inquiry to Group Health. If the restriction were vague because it referred only to a symptom, this can only be attributed to appellant's failure to exercise normal concern for her health. She was notified in writing of the restriction imposed; yet she made no further contact with Group Health for approximately eighteen months. When several visits were made she was advised and urged to submit to an intravenous pyelogram (a type of X-ray), which in all probability would have resulted in a final diagnosis and the reduction to concrete terms of the restriction.

█ The thorough testimony of an expert medical witness and two other physicians has been available to us in this case. All substantially agree that, while a pyuria condition may be unrelated to kidney stones or may be caused by such a disorder, it is the most common predisposing factor to the formation of stones. No exact determination could be made as to the time the stones originally formed, but again there is agreement that, because of their size and calcification, the kidney stones had formed over a lengthy period of time. The private physician who performed surgery on appellant and treated her testified that his treatment was for a pyuria condition, and his procedure was removal of the kidney. He was the only witness offered by appellant other than herself, and in view of his testimony we cannot say that a question of fact for jury determination was developed. The decision of the trial court is accordingly

Affirmed.