Alexander Salottolo, J.
This is an action to recover $322.10 for hospital insurance benefits allegedly due to the plaintiff under a policy of insurance. Defendant resists the claim, contending that the benefits claimed are for a pre-existing condition which fell under a “ Limitations ” clause of its contract.
After trial, the jury returned a unanimous verdict for the plaintiff for the full amount. Defendant now moves to set aside *560 the verdict, on the ground that the court erred in its charge to the jury with respect to the burden of proof.
The pleadings consist of an oral summons and an answer setting up a general denial and three separate defenses.
In its first separate defense, the defendant alleges that the hospital service for which the plaintiff seeks to recover benefits are not covered by the contract, contending that they were rendered during the first 11 months from the effective date of the contract for a condition which existed on the said effective date; and sets out subdivision (c) of article III of its contract, which reads as follows:
“ARTICLE III —LIMITATIONS
‘ ‘ Hospital Service is limited in the following cases to the extents specified: * * *
“(c) for pre-existing conditions: Hospital Service for any condition, disease or ailment which existed on the Effective Date of this Contract or for which medical or surgical treatment or advice has been rendered within one year prior to such Effective Date, shall be available to a Subscriber only after the first 11 months from the Effective Date of this Contract.”
The second and third separate defenses are not at issue upon this motion.
The court’s charge, as it related to the burden of proof, was as follows: ‘ ‘ The burden of proving that pre-existing condition rests with the defendant. The defendant has the burden of proving by a fair preponderance of the evidence that the condition which hospitalized the plaintiff existed prior to February 16, 1957.”
The court further charged: “ Now, if you should find for the plaintiff and that the defendant has failed to prove that this condition existed prior to February 16, 1957, the effective date of the contract, then you come to the question of the damages.”
The defendant’s counsel took exception to the charge in the following language: “ defendant’s counsel: I respectfully except to one thing: that portion which stated that the defendant has to meet the burden of proving the existence of the pre-existing condition. ’ ’
While it is true as a general proposition that an affirmative defense when pleaded places the burden of proof upon the defendant, it is not true here. The defendant’s first separate defense that the hospital services were not within the coverage of the policy is an issue raised under the general denial, with the burden resting upon the plaintiff. The burden does not shift *561 by reason of defendant’s pleading the issue as an affirmative defense. See Scherman v. Empire Mut. Ins. Co. (11 Misc 2d 980, 981-982) where the court said: “ The affirmative defense is not a model pleading. Under a general denial the defendant can put plaintiffs to the task of proving coverage under the policy. The burden of pleading and proving coverage, and the absence of situations giving rise to the exclusionary clauses in a policy, is on the plaintiffs (see Stawski v. John Hancock Mut. Life Ins. Co., 7 Misc 2d 424 and cases cited therein). There can be no objection to a defense that focuses sharply the precise issue to be met with at a trial, contained in the very contract sued upon but not revealed in the complaint.”
Accordingly, this court feels that its charge with respect to the burden of proof was inadequate, and there was a failure to properly charge or instruct the jury that the plaintiff had the burden of proof upon the whole case. Not only was plaintiff required to establish that there was coverage by the terms of the policy under which recovery was sought, but also that he was not barred by the ‘1 Limitations ’ ’ provision of the contract.
Accordingly, the verdict herein is set aside and a new trial ordered. The Clerk of the court is directed to place this cause on the appropriate calendar for trial on April 25, 1959.