Miles F. McDonald, J.
In the instant case the defendant issued to the plaintiff the usual hospital service contract of the Associated Hospital Service of Hew York with an effective date of June 29, 1957.
The policy provided in article III-(c): “For Pre-existing Conditions: Hospital service for any condition, disease or ailment which existed on the effective date of this contract or for which medical or surgical treatment or advice has been rendered within one year prior to such effective date, shall be available to a subscriber only after the first 11 months from the effective date of this contract.”
On December 3, 1957, within the 11-month period, the plaintiff was admitted to Beth-David Hospital and within a short time thereafter was operated upon for a prostate *811 condition, which, upon subsequent biopsy, appeared to be a malignancy, and, as a result, a further operation known as an orchiectomy was performed.
When the Associated Hospital Service was presented with the bill for the services rendered at Beth-David Hospital, they refused to accept the same, on the ground that the condition for which the operation was performed existed on the date of the contract. Under such circumstances, the burden of proof establishing that the plaintiff was free from this condition at the effective date of the contract rests upon the plaintiff.
The court finds that the plaintiff has not sustained the burden of proof in this regard.
The admission note at Beth-David Hospital indicates: “ Patient had a history of frequency of urination and burning and (illegible word) about two years and was admitted to Harbor Hospital, after that to Hallo ran Hospital. At that time he had a diagnosis of G-. B. disease and hypertrophic prostate. ’ ’
It further appears in another note: “ In 1955 had extreme (illegible word) and frequency of urination.”
It appears from the records of Maimonides Hospital that at that time patient gave a history “ of mild but progressive prostatitis of two years duration. On the night of admission the patient had a chill, felt feverish. There has been some urgency (illegible word) for the past two days.”
In that hospital there is- another note: “ Patient says that he hasn’t been feeling well for the past two years off and on, has difficulty in sleeping and passing urine when he awakes. He has nocturia two or three times. Feels weak for the past few years. Last September he had prostatic massage, which aided his condition.”
There is a further note in the Veterans’ Hospital record at that time: ‘1 History of nocturia and previous heart dyspnea approximately two years duration.”
In both of these hospitals there were findings of an enlarged prostate, two-plus or three-plus but tender.
It is the opinion of this court that the Associated Hospital Service, when it issues to a man of this age a policy, contemplates a common abnormality of an enlarged prostate, and that is one of the risks that is assumed in issuing such a policy.
The mere fact that the plaintiff had an enlarged prostate at the time would not exclude it from service if it was asymptomatic. However, the evidence here is that this condition was symptomatic for a period of at least two and *812 probably four years-. It is not necessary that a diagnosis of cancer should be made at any of the earlier times.
It is quite apparent that this man had a prostate condition of considerable duration and that he was operated on to cure it. At the time of the operation it was found out that it was cancerous.
It is not incumbent on the defendant to show that this cancer existed at the time or prior to the issuance of the policy. The symptoms of prostatic disease were there and were progressive. Under the circumstances, the exclusion in the policy controls. (Taub v. Lumbermens Mut. Cas. Co., 197 Misc. 888.)
Judgment for defendants Associated Hospital Service of New York and United Medical Service, Inc., dismissing the complaint of plaintiff Morris Tasman. On stipulation of the latter’s counsel, judgment for $1,128.95 against said Morris Tasman in favor of Beth-David Hospital. Thirty days’ stay and 60 days to make a case on appeal.