■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL DICKERSON, Appellant.— Judgment convicting defendant of the crime of attempted felonious possession of a narcotic drug, unanimously reversed, on the law, on the facts and in the exercise of discretion, and a new hearing directed on the motion to suppress. Since the physical condition of defendant's counsel may have affected his representation of the defendant, in the interests of jusitce we conclude a new hearing is indicated. Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.

■ SOCIETY OF NEW YORK HOSPITAL, Plaintiff, v. MARTIN BURSTEIN, Defendant and Third-Party Plaintiff-Respondent. ASSOCIATED HOSPITAL SERVICE OF NEW YORK, Third-Party Defendant-Appellant.— Determination of the Appellate Term affirming the judgment of the Municipal Court, First District, in favor of the third-party plaintiff in the sum of $504.06 after a nonjury trial, unanimously reversed, on the law and on the facts, with $50 costs to third-party defendant-appellant, and the complaint dismissed. The issue in this case is whether the third-party defendant-appellant Associated Hospital Service of New York (AHS) is obligated under its family policy issued to the third-party plaintiff to pay the hospital bill incurred by his wife. AHS denies liability by reason of the following exclusion clause in its policy: "ARTICLE IV — EXCLUSIONS 1. Hospital Service shall not be provided for: * * * hospital admissions primarily for diagnostic X-ray or laboratory examinations or other diagnostic studies". The third-party plaintiff has failed to establish that the admission was not primarily for diagnostic studies and that the hospitalization accorded his wife was not barred by the exclusion provision. (*Whitlatch* v. *Fidelity & Cas. Co. of New York,* 149 N. Y. 45; *Sagorsky* v. *Malyon,* 4 A D 2d 1016; *Klar* v. *Associated Hosp. Serv. of N. Y.,* 24 Misc 2d 559; *Tasman* v. *Associated Hosp. Serv. of N. Y.,* 19 Misc 2d 809.) Under the provisions of CPLR 5522, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Malave* v. *MVAIC,* 19 A D 2d 606; *Bruno* v. *Kosnac,* 13 A D 2d 650; see former Civ. Prac. Act, § 584, subd. 2; McKinney's Cons. Laws of N. Y., Book 7B, rule 5522, pp. 341–343; 7 Weinstein-Korn-Miller, New York Civil Practice, par. 5522.02.) Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.

■ TRI-STATE PIPE LINES CORPORATION, Respondent, v. POWER PLUS CORPORATION et al., Appellants.— Order, entered on April 10, 1964, denying defendants' motion to dismiss the complaint, unanimously affirmed, with $30 costs and disbursements to respondent. For the purposes of pleading the complaint is sufficient. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.