**MEDICAL SERVICE OF the DISTRICT OF COLUMBIA and Group Hospitalization, Inc., bodies corporate, Appellants,**

**v.**

**Mary Isabelle LLEWELLYN, Appellee.**

**No. 3637.**

District of Columbia Court of Appeals.

Argued March 1, 1965.

Decided April 12, 1965.

Charles J. Steele and Warren E. Magee, Washington, D. C., for appellants.

1. See, e. g., Shelton v. Shelton, D.C.Mun.App., 153 A.2d 663 (1959).

Downey Rice, Washington, D. C., with whom John O. Harper, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge

On May 1, 1962, appellee entered into contracts with appellants pursuant to which the latter were to pay certain monetary allowances to hospitals and doctors in the event of her illness or hospitalization.[1] Each contract contained the following similar provision:

"WAITING PERIOD

"Subject to the provisions of [the paragraph dealing with Exclusions], benefits under this Contract will be available for the following *only after the Contract has been in effect for a waiting period of ten consecutive calendar months * * *:*

"(1) Pre-existing conditions: namely, any *condition, disease or ailment which existed on the Effective Date * * *, whether known or not known by the Subscriber;* or any condition, disease or ailment for which medical or surgical treatment or advice has been rendered within one year prior to the date on which this Contract became effective * * *;

"(2) Complications resulting from pre-existing conditions;" [Emphasis supplied.]

Appellee's claims for medical and hospital expenses incident to the surgical removal of gallstones on September 20, 1962, were rejected by appellant companies on the ground that the condition for which she was operated upon was in existence on the effective date of the policies and therefore came within the above exclusion. After hearing on her suit to recover these expenses, the trial judge ruled that appellee's "existing physical condition on the effective date of the contracts did not disqualify her under the pertinent exclusionary provisions from recovery" and found in her favor for the stipulated amounts. This appeal by the insurers followed.

Miss Llewellyn testified that although she had suffered some pain and flatulence, it was not until September 1962 that x-rays revealed the presence of stones in the gallbladder. Although an operation was not absolutely necessary at that time, appellee underwent a cholecystectomy, at which time 77 gallstones "of the uniform size of a pea" were removed. No further testimony was offered on behalf of appellee.

A medical expert for appellants, after detailing his qualifications, testified, in substance, that 77 gallstones the size of a pea could not have been formed between May and September of the same year but could have formed only over a period of many years; that an accumulation of stones causing no pains or symptoms could be present for many years; that the presence of gallstones in the gallbladder would certainly constitute a "diseased state," a "pathological condition," synonymous with disease or diseased condition; that gallstones are sufficiently uncommon as to constitute a disease; that after removal of gallbladder and stones, microscopic examination always discloses chronic inflammation in the gallbladder tissue; that the presence of 77 gallstones in appellee's gallbladder on September 20, 1962, necessitated the conclusion that on May 1, 1962, "there was disease present." Admitted information from the hospital records disclosed a diagnosis of "chronic cholecystitis with lithiasis," a medical term for long-standing inflammation of the gallbladder with the formation of gallstones.

1. Anderson v. Group Hospitalization, Inc., D.C.App., 203 A.2d 421 (1964).

■ Appellee contends that the words "disease" and "condition," as used in the contracts, were validly interpreted by the trial judge. We are at a loss to ascertain the factual support for the trial judge's conclusion when the medical evidence by a qualified expert, confirmed by records from the hospital and without contradiction, defines gallstones as a "diseased state" which in appellee had pre-existed the effective date of the contracts. As we find no proper ground for the use of judicial notice or personal knowledge on the part of the trial judge to challenge or refute the uncontradicted and unimpeached testimony of the medical expert, we are of the opinion that it could not arbitrarily be disregarded, disbelieved or rejected by him[2] and in doing so he committed error.

■■ We are aware of the recognized principle of construction that the doubtful meaning of words contained in a policy will be construed in favor of the insured. However, we are satisfied no ambiguity exists in the present contracts if the language therein is given the meaning of common understanding. Ambiguities will not be sought out. The clear meaning will be adopted whether favorable to the insured or not. Nichols v. North Carolina Mutual Life Ins. Co., D.C.Mun.App., 162 A.2d 499, 501 (1960); Great American Indemnity Co. v. Yoder, D.C.Mun.App., 131 A.2d 401, 403 (1957); Belland v. American Automobile Ins. Co., D.C.Mun.App., 101 A.2d 517, 518 (1953). "Disease" is defined as a deviation from the healthy or normal condition of any of the functions or tissues of the body; an alteration in the state of the body or some of its organs interrupting or disturbing the performance of the vital functions and causing or threatening pain and weakness. Black, Law Dictionary (4th ed. 1951), p. 588; Order of United Commercial Travelers of America v. Nicholson, 9 F.2d 7, 14 (2d Cir. 1925), This definition further substantiates the medical expert's testimony that gallstones are a "disease" or "diseased condition."

Another contention by appellee, upheld by the trial judge, was that gallstones, in order to be a disease in a legal sense, had to be manifest or symptomatic to come within the exclusions of the contracts. Quite clearly the medical testimony established that it is not improbable that the stones could have been formed without appellee's being aware of their presence. Furthermore, the ruling ignores the express terms of the policies which plainly state the exclusion applies to any condition, disease or ailment existing on the effective date of the contracts "whether known or not known" by the subscriber. It is patent that the purpose of the limiting provision was to exclude coverage for ten months for any disease or condition originating prior to the effective date of the contracts. Taormina v. National Hospital Service Ass'n, 43 So.2d 31, 33 (La.App. 1949), citing Thompson v. American Casualty & Life Co., 173 S.W.2d 974, 976 (Tex. Civ.App.1943).

■ We hold that as the record establishes that appellee suffered from a condition or ailment which pre-existed the effective date of the policies here under consideration she is precluded from recovery.

Reversed with directions to enter judgment for appellants.

---

**2.** Sullivan v. North American Acc. Ins. Co., D.C.Mun.App., 150 A.2d 467, 470–471 (1959).