**COMMERCIAL TRAVELERS LIFE & ACCIDENT INSURANCE CO., Appellant,**

v.

**Roy L. BRUCE, Appellee.**

**No. 180.**

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 27, 1966.

First Motion for Rehearing Denied June 16, 1966.

Second Motion for Rehearing Denied Aug. 11, 1966.

Harless, Bailey & Youngblood, by Fred Harless and Bruce Youngblood, Dallas, for appellant.

Frederic Johnson, Sinton, for appellee.

## OPINION

SHARPE, Justice.

This is an appeal from a judgment rendered after jury trial in favor of Roy L. Bruce, appellee, plaintiff below, against Commercial Travelers Life and Accident Insurance Co., appellant, defendant below. The suit is on an insurance policy providing indemnities for loss of time due to disability and hospital confinement. The jury found in answer to special issues numbered as indicated that (1) plaintiff had loss of time due to sickness after January 7, 1964; (2) that during such loss of time plaintiff had total disability; (3) that he was totally disabled from January 7, 1964, to March 24, 1964, a period of 77 days; (4) that his loss or disability was not caused or contributed to by a hernia; (5) unanswered (to be discussed hereinafter); and (6) that $500.00 was a reasonable plaintiff's attorney fee. The trial court rendered judgment for $960.00 benefits, penalties in the amount of 12%, or $115.20, and attorney's fees of $500.00, aggregating $1575.20.

Appellant urges six points of error in substance as follows: By point one, that the trial court should have rendered judgment for appellant because the evidence conclusively established that the loss and disability claimed by appellee was caused by or contributed to by hernia, either directly or indirectly, such loss and disability being excluded by the terms of the policy sued upon; by points two and three, that the evidence was factually insufficient to prove that the loss and disability was not caused by or contributed to by hernia, directly or indirectly, and to support the answer to special issue 4; by point four, that the trial court erred in failing to include the words "either directly or indirectly" in special issue 4, since said wording is a part of the exclusion rider in the policy; by points five and six, that the evidence is legally and factually insufficient to support the answer to special issue six on the question of attorney's fees.

In reply to appellant's first three points, appellee contends by counterpoint one that his disability arose from a sickness covered by the policy and such disability was not caused by or contributed to, directly or indirectly, by hernia. The insurance policy sued upon is dated December 8, 1960. It provides for indemnities in the amounts specified therein, including benefits for loss of time beginning with the first day of continuous total confining disability at the rate of $300.00 per month, with an additional $300.00 per month indemnity for time confined in the hospital. Attached to and made a part of the policy is an exclusion rider reading as follows:

"It is hereby agreed and understood that in consideration of the issuance of the above described policy, the insured agrees to waive any claim for indemnity provided by the policy on account of any loss or disability hereafter sustained which shall be caused by or contributed to by hernia, either directly or indirectly; and, the insured further agrees that this rider shall continue to be and remain a part of said policy as long as it shall be maintained in force and effect, any provisions to the contrary notwithstanding."

Appellant expressly pleaded the policy exclusion above-mentioned and appellee had the burden of establishing the non-application of it. Rule 94, Texas Rules of Civil Procedure; Shaver v. National Title & Abstract Co., 361 S.W.2d 867 (Tex.1962). Appellee concedes that he had such burden but says it was discharged by evidence legally and factually sufficient to support the jury findings which established that he was totally disabled, the period of time for which disabled, and that such disability was neither contributed to nor caused by a hernia.

The evidence consists of the testimony of appellee, his admissions pursuant to requests under Rule 169, T.R.C.P., and the hospital records. Appellee had his first day of disability and loss of time on January 7, 1964, when he was admitted to the hospital where he remained until January

16, 1964, a period of ten days. He was re-admitted to the hospital from January 22, 1964, to January 25, 1964, a period of four days. He was again admitted to the hospital on January 28, 1964, where he remained until February 1, 1964, a period of five days. The total hospital confinement was, therefore, nineteen days. On April 24, 1964, appellee returned to partial work and thus terminated the period for which he could claim benefits under the policy. The record shows that on January 8, 1964, three operations were performed on appellee, one for hernia, one for hemorrhoids and one for a nodule in the right epididymis. The two subsequent readmissions to the hospital were for hemorrhage resulting from re-opening of the incision made during the hemorrhoid operation. Appellee testified that he entered the hospital originally in order to have the hemorrhoids removed; that prior thereto he had the hernia for more than a year; that it was no worse than it had been for a long time; that it did not particularly bother him; and that he would not have entered the hospital if his sole complaint had been the hernia. Appellant countered this evidence by offering the hospital records showing the three operations in the order above-mentioned and, particularly, the hernia as the number one reason for admission, along with other references and notations concerning it.

The evidence is legally and factually sufficient to support the jury findings that plaintiff had loss of time and total disability for seventy-seven days during the period from January 7 to March 24, 1964, due to sickness within the meaning of the policy. There is no question that loss of time and disability resulting from the hemorrhoids and the operation and treatment thereof as well as for the nodule were covered by the policy. The question is not whether appellee had a hernia or an operation thereon. Instead, the issue is whether appellee would have suffered the loss of time and disability on account of the covered sickness regardless of the hernia and the treatment thereof. If so, he is entitled to recover. If not, i. e.,

if the hernia contributed to cause appellee's loss and disability, then, to the extent that it so contributed, he is not entitled to recover.

There is no serious fact question concerning appellee's second and third hospital confinements. The evidence supports the view that they were due to the hemorrhoid condition and operation. With reference to appellee's first hospital confinement the evidence is sufficient, legally and factually to support a finding that appellee went to the hospital primarily for treatment of the hemorrhoid condition and the repair of the hernia was incidental; further, that appellee would not have gone into the hospital on account of the hernia condition alone; and, further, the hemorrhoid and nodule conditions were sufficient to cause the loss of time and disability without reference to the hernia. In addition to the jury findings hereinbefore mentioned, the trial court also submitted special issue 5 which was to be answered only if in answer to special issue 4 the jury found that appellee's loss or disability had been caused or contributed to by a hernia. Special issue 5 reads as follows: "How many months or days do you find from a preponderance of the evidence that plaintiff's total disability and loss of time, if any, was caused or contributed to by hernia?" Since the jury answered special issue 4 to the effect that appellee's loss or disability was not caused or contributed to by a hernia, special issue 5 was not answered. It thus appears that the jury believed and so found that the sickness which caused appellee's loss of time as well as his disability for seventy-seven days was due to the hemorrhoids and the nodule, conditions covered by the policy, rather than to the hernia and the operation upon it.

In the case of American Casualty & Life Co. v. Butler, 215 S.W.2d 392 (Tex.Civ. App., 1948, wr.ref.n.r.e.), the court held in substance that if the disability suffered by the claimant was caused by a disease covered by the policy which was sufficient to cause such disability without regard to contributing factors, and that but for the cov-

ered disease the excluded disease would not have resulted in the disability, then the excluded disease would not have caused or contributed to the disability within the meaning of the exclusionary provision. The rule therein announced is applicable here.

The evidence herein did not conclusively establish that the loss and disability claimed by appellee was caused or contributed to by hernia, either directly or indirectly, and the trial court did not err in refusing to render judgment for appellant on that basis. On the other hand, the evidence was legally and factually sufficient to authorize the jury to find, as it did in answer to special issue 4, that appellee's loss and disability was not so caused or contributed to. Appellant's points one, two and three are overruled.

■ By its point four appellant contends that the trial court erred in failing to include the words "either directly or indirectly" in special issue 4. That issue reads as follows: "Do you find from a preponderance of the evidence that plaintiff's loss or disability, if any, was not caused or contributed to by a hernia?" To which the jury answered "It was not". Appellant's objection to the issue was, in part, "that the words 'either directly or indirectly' should be added to and included in said special issue for the reason that said wording is part of the exclusion in the insurance policy contract sued on by the plaintiff." Appellant's entire argument under this point is that 'Since said wording constituted an important part of the contract between the parties, it should have been included in said issue as such wording has elements of inquiry going to an ultimate fact and issue and particularly in view of the theory upon which Plaintiff tried his case. Texas Rules of Civil Procedure, Rule 279." There was no evidence herein of any indirect relation between the hernia and appellee's loss or disability. The hernia either directly caused or contributed to plaintiff's loss or disability or it did not. There was no evidence that the hernia caused or aggravated either the

hemorrhoids or the nodule so that the jury could find that it caused or contributed to the loss or disability of appellee. The words "directly or indirectly" were not essential to a correct submission of the ultimate issue, particularly in view of the use of the words "caused or contributed". Error is not presented by appellant's point four and it is overruled.

■ By its points five and six appellant contends that the evidence is legally and factually insufficient to support the jury answer to special issue 6, fixing the amount of $500.00 as a reasonable fee for appellee's attorney. The thrust of the argument here is that there is no testimony in the record as to what services were performed by the attorney for appellee, and the questions propounded to the only witness, an attorney who testified concerning the matter, were hypothetical in nature. The record reflects that appellee's witness on this issue was the district attorney for the 36th Judicial District of Texas, who also practiced civil law. He testified that he was familiar with the fees charged by attorneys in the area where the case was tried. He was advised in the questions asked of him as to the nature of the claim, the amount thereof and that a jury trial was involved; that an original petition had been filed as well as a request for admissions; that there were no special hearings or depositions, and as to the time spent in investigation and preparation for trial. The witness testified that a minimum fee for filing a petition was $250.00 and that additional services and time would authorize a fee of at least $500.00. Although there was no separate testimony as to the amount of time spent in investigation and preparation for trial, the pleadings, the request for admissions and answers were part of the record and before the jury. It was obvious that the case was being tried on a contested basis before the jury and it had the opportunity to observe the time and efforts on the part of counsel for appellee during the course of the actual trial. The testimony of the witness, by way of opinion, as to the minimum fee for filing the suit coupled

with the facts known to the jury which were also related to the witness, was sufficient, legally and factually, to support the finding of the jury that $500.00 was a reasonable fee. No claim of excessiveness is made by appellant. Appellant's points five and six are overruled.

The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

As a part of its motion for rehearing appellant makes request for additional findings of fact, as follows:

1. The hernia operation was performed with the knowledge and consent of the appellee.

2. No physicians testified and the appellee offered no medical evidence.

3. There was no medical evidence as to the relative necessity of any of the several operations.

4. There was no medical evidence as to the relative gravity or complexity of any of the several surgical operations performed upon appellee.

5. There was no medical evidence as to the relative disabling-nature of any of the several operations.

6. There was no medical evidence that there was not an indirect relation between the hernia and the appellee's loss or disability.

7. There was no medical evidence that the hernia did not cause or aggravate the hemorrhoids or the nodule.

8. There was no medical evidence that the hernia did not contribute, either directly or indirectly, to the subsequent hospital admissions for hemorrhaging.

Request No. 1 is granted. Request No. 2 is substantially correct, but is qualified to the extent shown by the discussion under requests 3–8. The latter requests actually call for conclusions of law. They involve the contention that there was "no medical evidence" concerning the subjects mentioned and will be treated as "no evidence" points. Requests 3–8 have been considered in relation to appellant's point one of its original brief which asserts that the trial court should have rendered judgment for appellant because the evidence conclusively established that the loss and disability claimed by appellee was caused by or contributed to by hernia, either directly or indirectly.

Appellant's requests 3–8 are denied. Hospital records covering appellee's three admissions during the period from January 7, 1964 to February 1, 1964 were offered by appellant and received in evidence without objection and upon stipulation that they were true and correct. Among other things, such records included reports and opinions of doctors who operated upon and treated appellee as well as nurses and laboratory records. The records, reports and opinions contained therein coupled with the testimony of appellee constituted legally sufficient evidence authorizing the jury to believe that appellee's disability and loss of time were caused by the hemorrhoids and nodule conditions aside from the hernia.

We adhere to the conclusions expressed in our original opinion and appellant's motion for rehearing is overruled.