**GROUP HOSPITALIZATION, INC.,**
**Appellant,**

v.

**Sarah FOLEY, Appellee.**

**No. 4415.**

District of Columbia Court of Appeals.

Argued Dec. 16, 1968.

Decided June 30, 1969.

Charles J. Steele, Washington, D.C., with whom John J. Carmody, Washington, D.C., was on the brief, for appellant.

John Alexander, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellee, a subscriber of Group Hospitalization, Inc. since 1958, allowed her coverage to lapse by failing to make monthly payments while away from the city. Her application for reinstatement was accepted on April 1, 1965, with the proviso that the ten-month waiting period for pre-existing conditions would apply from the effective date of reinstatement.[1] The next day, dur-

1. *Waiting Period*
    7. Subject to the provisions of Paragraph 9 hereof, benefits under this Contract will be available for the fol-

lowing only after the Contract has been in effect for a waiting period of ten consecutive calendar months immediately preceding the date of the Sub-

ing a medical examination, appellee's doctor discovered that she had a cyst on her left ovary. Because the examination disclosed no complications necessitating immediate treatment, an appointment was made for re-examination in a month's time. The following day, April 3, appellee suffered severe abdominal cramps requiring hospitalization and immediate surgery for removal of the left ovary.

When admitted to the hospital, appellee claimed to be covered by Group Hospitalization and assigned her benefits under the contract to the hospital. However, a claim for payment of the pertinent portion of the hospital bill was rejected by appellant as being hospitalization for a preexisting condition not covered by the contract which had been in effect less than ten months. This rejection resulted in a suit by the hospital against appellee for the balance due on its bill and, in turn, a complaint over by appellee against Group Hospitalization, Inc. as a third-party defendant.[2] After trial by the court, judgment was entered for the hospital on its claim against appel-

lee and for appellee on her claim over against appellant. In a memorandum the trial judge said that in his opinion the evidence adduced from medical experts who testified at trial on the question of whether the condition for which appellee was hospitalized pre-existed the contract was evenly balanced. He concluded that the limitation in the contract imposing a ten-month waiting period for pre-existing conditions was an exclusionary clause which must be affirmatively alleged[3] and proved by appellant, and ruled that on balance appellant had failed to sustain its burden of proof. For purposes of this appeal, appellant accepts the trial judge's findings of fact. The error alleged is his conclusion on the burden of proof issue.

There is a split of authority between those jurisdictions which hold that the insurer[4] must prove by a preponderance of the evidence that the condition which required hospitalization pre-existed the contract[5] and those jurisdictions which hold that the insured must prove it did not.[6] This jurisdiction has not decided the

scriber's admission for hospital care: (1) Pre-existing conditions: namely, any condition, disease, or ailment which existed on the Effective Date *or last reinstatement date*, whether known or not known by the Subscriber; * * * (Emphasis supplied.) (2) Complications resulting from pre-existing conditions.

2. A companion claim against Medical Service of D. C. was dismissed without prejudice at the close of appellee's case.

3. Group Hospitalization's answer was a general denial of coverage and did not contain an affirmative defense, but the trial judge did not rest his decision on this technicality.

4. While appellant maintains it is not an insurance company, it concedes that the principles of insurance law apply. *But see* McIntosh v. Group Health Ass'n, D.C.Mun.App., 138 A.2d 496 (1958), where this court placed the burden of proof squarely upon the plaintiff to prove the absence of a pre-existing condition restricting coverage on principles of contract law, not insurance law.

5. Security Benefit Life Ins. Co. v. Jackson, 318 F.2d 846 (8th Cir. 1963); United Security Life Ins. Co. v. Moore, 275 Ala. 642, 157 So.2d 674 (1963); Abernethy v. Hosp. Care Ass'n, Inc., 254 N.C. 346, 119 S.E.2d 1 (1961); Nat'l Security Ins. Co. of Elba v. Tellis, 39 Ala.App. 455, 104 So.2d 483, cert. denied, 267 Ala. 693, 104 So.2d 488 (1958); Wolf v. Wash. Hosp. Serv. Ass'n, 52 Wash.2d 518, 326 P.2d 1015 (1958); Jackson v. Pac. Mut. Life Ins. Co., 308 S.W.2d 291 (Mo.App.1957); Smith v. Indus. Hosp. Ass'n, 194 Or. 525, 242 P.2d 592 (1952); Am. Life Ins. Co. v. Walker, 208 Miss. 1, 43 So.2d 657 (1949); Collins v. United States Cas. Co., 172 N.C. 543, 90 S.E. 585 (1916).

6. Commercial Travelers Life & Accident Ins. Co. v. Bruce, 405 S.W.2d 634 (Tex. Civ.App.1966); Am. Life & Accident Ins. Co. v. Smith, 380 S.W.2d 36 (Tex.Civ. App.1964); Klar v. Associated Hosp. Serv. of New York, 24 Misc.2d 559, 211 N.Y.S.2d 538 (1959); Tasman v. Associated Hosp. Serv. of New York, 19 Misc.2d 809, 198 N.Y.S.2d 49 (1959); Wood v. Am. Security Life Ins. Co., 304

question, although generally our cases hold that to recover benefits under an insurance policy the burden is on the insured to prove coverage under the contract.[7] This rule is subject to exceptions in the field of life insurance where in some few instances the burden of proof is placed on the insurer.[8]

In reaching his decision to cast the burden upon Group Hospitalization to prove that appellee's condition pre-existed the effective date of the contract the trial judge combined the reasoning of this court in Medical Service of District of Columbia v. Llewellyn, D.C.App., 208 A.2d 734 (1965) and Watkins v. Atlantic Life Insurance Co., D.C.App., 198 A.2d 911 (1964). In *Llewellyn* we said that the purpose of an identical limiting provision in a hospitalization contract was "to exclude coverage for ten months for any disease or condition originating prior to the effective date of the contracts." (208 A.2d at 736). After citing *Llewellyn* to hold that the provision in question was an exclusionary clause, the trial judge relied upon language in *Watkins* to the effect that an exclusionary clause must be proved by the insurer as an affirmative defense. *Watkins* was an appeal by a beneficiary of a life insurance policy which limited payment to an amount equal to the premiums paid if within two years of the effective date of the policy the insured died as a result of fighting or from injuries intentionally inflicted upon him. The insurance company had defended on both grounds, and in reversing and remanding for a new trial this court offered guidance to the trial court by saying that the two defenses interposed by the insurer were affirmative defenses which it must allege and prove. We cited no insurance cases to support this advice,[9] but whatever the rule in a suit to recover on a life policy, in our judgment the limiting provision in the instant hospitalization policy presents an issue of coverage and we hold that the insured must prove coverage under the contract in order to recover. By the clearest of language the contract provides that a subscriber is not covered for a period of ten months for any condition which pre-exists the contract. In denying coverage the insurer does not offer an affirmative defense in confession and avoidance of the contract, nor does it challenge the validity of the contract. It merely denies an allegation that the hospitalization is covered by the contract. We think that the insured presents a prima facie case by proving the existence of the contract, the hospitalization and the unpaid bill. It is then incumbent upon the insurer to come forward with competent evidence tending to show that the hospitalization was for a pre-existing condition not covered by the contract, but the ultimate burden remains with the insured to overcome this evidence

S.W.2d 559 (Tex.Civ.App.1957); Reserve Life Ins. Co. v. Whitten, 38 Ala. App. 455, 88 So.2d 573, cert. denied, 264 Ala. 699, 88 So.2d 577 (1956); Lubianez v. Metropolitan Life Ins. Co., 323 Mass. 16, 79 N.E.2d 876 (1948); Woodul v. Reliance Indus. Life Ins. Co., 159 So. 419 (La.App.1935).

7. *See, e. g.,* Am. Ins. Co. of City of Newark v. Keane, 98 U.S.App.D.C. 152, 233 F.2d 354, cert. denied, 352 U.S. 913, 77 S.Ct. 147, 1 L.Ed.2d 118 (1956); Fairclough v. Fidelity &. Cas. Co., 54 App.D.C. 286, 297 F. 681 (1924); Mut. Benefit Health and Accident Ass'n v. Messina, D.C., 228 F.Supp. 865, aff'd 121 U.S.App.D.C. 328, 350 F.2d 458, cert. denied, 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 663 (1965).

8. *See, e. g.,* Prudential Ins. Co. of America v. Saxe, 77 U.S.App.D.C. 144, 134 F.2d 16, cert. denied, 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701 (1943) (burden placed on insurer by statute to prove material misrepresentation); New York Life Ins. Co. v. Miller, 65 App.D.C. 129, 81 F.2d 263 (1935) (suicide).

9. We may have likened these limiting provisions to the defense of suicide or misrepresentatation of a life policy where the burden rests on the insurer. The rule is the opposite in accidental death policies. Bacon v. Life & Cas. Ins. Co. of Tenn., D.C.Mun.App., 121 A.2d 724 (1956); United Ins. Co. v. Nicholson, D.C.Mun.App., 119 A.2d 925 (1956).

and prove by a preponderance of the evidence that the hospitalization comes within the provisions of the contract.

Reversed with instructions to enter judgment for appellant.